[No. 18304.    Department One.—September 1, 1894.]

# MERCED SECURITY SAVINGS BANK, RESPONDENT, v. A. R. CASACCIA ET AL., APPELLANTS.

103  641,
114  130
103  641
120  500
103  641
122   35
103  641
127   30
103  641
129  245
103  641
144  669

MORTGAGE—FORECLOSURE—CONSTRUCTION OF CODE.—Section 726 of the Code of Civil Procedure, which provides that there can be but one action for the recovery of any debt secured by mortgage upon real estate, is a limitation upon the rights which usually pertain to property, and the restriction will not be carried beyond the obvious import of the language used.

ID.—OBJECT OF CODE PROVISION—EXHAUSTION OF SECURITY—PERSONAL ACTION.—The obvious purpose of section 726 of the Code of Civil Procedure is to compel one who has taken a special lien to secure his debt to exhaust his security before having recourse to the general assets of the debtor; and when he has done this, or when without his fault the security has been lost, the policy of the law does not prohibit a personal action.

ID.—STATUTORY CONSTRUCTION.—A construction should not be given to a statute, if it can be avoided, which will lead to absurd results, or to a conclusion plainly not contemplated by the legislature.

ID.—COLLATERAL MORTGAGES TO SECURE INDEBTEDNESS—FORECLOSURE.—Section 726 of the Code of Civil Procedure was not intended to prohibit the ordinary transaction of putting up mortgages as collaterals to secure an indebtedness, nor to limit such collaterals to mortgages which can be foreclosed in the same action.

ID.—SEPARATE ACTIONS UPON COLLATERAL MORTGAGES.—Where a mortgagee has assumed a debt of the mortgagor, for which he has given his personal note to a bank, and has assigned to the bank the mortgage as collateral security for the payment of his note, and at the same time has executed another note to the bank, secured by a mortgage upon land of his own, which was also intended as collateral security for his other note to the bank, the bank, after foreclosing the first mortgage and crediting the proceeds upon the first note, may maintain a separate action for foreclosure of the second mortgage given to secure the principal debt.

ID.—NATURE OF ACTION UPON COLLATERAL MORTGAGE—ENFORCEMENT OF PRINCIPAL DEBT.—An action to foreclose a mortgage which has been assigned as collateral security for a principal debt, is not an action for the recovery of the principal debt, but to preserve and enforce the security which is a duty imposed upon the creditor by the contract of hypothecation, and the principal debt need not be enforced in such action.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion.

CIII. CAL.—41

*Frank H. Farrar,* for Appellants.

The failure of the plaintiff to include both mortgages in the action of foreclosure was a waiver of his rights under the mortgage omitted. (Code Civ. Proc., sec. 726; *Kittridge* v. *Stevens,* 16 Cal. 381; 23 Cal. 283; *Mascarel* v. *Raffour,* 51 Cal. 242; *Ould* v. *Stoddard,* 54 Cal. 613; *Bull* v. *Coe,* 77 Cal. 54; 11 Am. St. Rep. 235; *Hall* v. *Arnot,* 80 Cal. 348; *Bacon* v. *Raybould,* 4 Utah, 357; *Dohm* v. *Haskins,* 88 Mich. 144; *Thayer* v. *Daniels,* 113 Mass. 129; *Robinson* v. *Hurley,* 11 Iowa, 410; 79 Am. Dec. 497; Wells on Res Judicata, sec. 251.)

*T. C. Law,* for Respondent.

It was not only proper, but it was the duty of the plaintiff to exhaust its collateral securities before suing on the original debt, and the failure to foreclose the mortgage in suit at the same time that the Flannagan mortgage was foreclosed was not a waiver of the right of foreclosure. (*Semple etc. Mfg. Co.* v. *Detwiler,* 30 Kan. 286; *Vandewater* v. *McRae,* 27 Cal. 596; *Mauge* v. *Heringhi,* 26 Cal. 579.)

TEMPLE, C.—This appeal is upon the judgment-roll. The action was brought to foreclose a mortgage. The answer is a plea in bar.

The court found, among other things, that on the twenty-ninth day of July, 1889, one Flanagan was indebted to plaintiff in the sum of $1,032.07, and to defendant Casaccia in the sum of $600. Casaccia then assumed the debt of Flanagan to plaintiff, and gave his note for the same, which was accepted by the bank. Casaccia at the same time took from Flanagan his note secured by mortgage for $1,632.07 which was then assigned to plaintiff as collateral security for Casaccia's note for $1,032.07.

At the same time Casaccia executed another note to the bank for $400, secured by a mortgage upon land of his own. This was also intended as collateral security

for the note for $1,032.07 from Casaccia to the bank, and is the note and mortgage upon which this suit is brought.

The condition, then, was this: The bank held Casaccia's note for $1,032.07, as collateral to secure it, a note and mortgage for $1,632.07, executed by Flanagan to Casaccia, and by him assigned to the bank, and a note of $400, secured by mortgage executed by Casaccia to the bank.

In May, 1893, the bank, as assignee of Casaccia, commenced an action to foreclose the Flanagan mortgage, but did not make Casaccia a party to that action.

A decree of foreclosure was obtained; and the property sold, and after paying costs the sum of $575 was left to be credited upon the debt of Casaccia to the bank, leaving $808.78 still due.

Appellant claims that plaintiff should have brought suit upon the note for $1,032.07 against Casaccia; and in the same action sought to foreclose the mortgage against Flanagan for $1,632.07, and the mortgage involved in this suit for $400, and that, not having done so, he has waived the security on the mortgage sued on in this action, and perhaps the right to sue on the note for $1,032.07.

This contention is based solely upon section 726 of the Code of Civil Procedure, which provides that there can be but one action for the recovery of any debt secured by mortgage upon real estate. This statute is a limitation upon the rights which usually pertain to property, and the restriction will not be carried beyond the obvious import of the language used. Accordingly, it has been held that a judgment of foreclosure of a mortgage given to secure a promissory note does not bar the right, after sale and judgment for a deficiency, to a suit against an indorser of the note to recover such deficiency. (*Vandewater* v. *McRae*, 27 Cal. 596.)

Also, that after judgment of foreclosure and sale under a mortgage given by a nonresident of the state,

upon whom personal service has not been obtained, a personal action may be brought to recover any deficiency remaining after sale of the mortgaged premises; although it was held that in such case the court had no jurisdiction in the foreclosure suit to enter a judgment for such deficiency.

In *Blumberg* v. *Birch*, 99 Cal. 416, 37 Am. St. Rep. 67, it was said : " It is true that the personal judgment docketed against the defendant was void, and also, that under the section of the code cited, there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real or personal property. · It does not follow, however, that after the mortgage security is exhausted, leaving a deficiency which is no longer secured, no new action on the note can ever be maintained."

' The code itself recognizes this view in section 533, where an attachment is authorized, when the security has been lost.

In these cases when the personal action was instituted the debt was not secured by mortgage. If the mortgagee had voluntarily released his mortgage, his debt would then be unsecured; such a mortgagee, however, would not be entitled to his personal action. It would be an attempt on his part to evade the operation of the statute, while the other cases supposed would not be within the policy of the law, although two actions have been allowed upon a debt which was originally secured by a mortgage. The obvious purpose of the statute is to compel one who has taken a special lien to secure his debt to exhaust his security before having recourse to the general assets of the debtor. When he has done this, or when, without his fault, the security has been lost, the policy of the law does not prohibit a personal action.

The statute was complied with in the suit against Flanagan. The mortgage was not given to secure the principal debt of defendant to plaintiff. It was a col-

lateral matter.   The suit to foreclose it was not an action for the recovery of the principal debt.   It was an act for the preservation of the security.   To do this was a duty imposed upon plaintiff by the contract of hypothecation.   That the plaintiff thereby received part payment of the note was an incidental matter.   The suit to foreclose was not an action to recover that debt, but to preserve the security.

A construction should not be given to a statute, if it can be avoided, which will lead to absurd results, or to a conclusion plainly not contemplated by the legislature. In this case there were two mortgages, both taken as collateral security.   Suppose the mortgages had been upon land situated in different counties, and that the debt secured by one would be barred by the statute of limitations before the debt secured by the other fell due. Plaintiff could not have included both in one suit to foreclose, because such suits must be brought in the county in which the land or some part of it is situated; and one debt would either not be due when suit was brought, or would be barred by the statute of limitations.

Certainly, it was not intended to prohibit the ordinary transaction of putting up collaterals to secure an indebtedness, nor to limit such collaterals to mortgages which can be foreclosed in the same action.

The plea in bar, therefore, is not good.   There is some greater plausibility in claiming that the mortgage in suit was given to secure the principal debt, than that such was the case with the Flanagan mortgage.   The present note and mortgage were executed solely as security for the principal debt.   There is no other consideration for the note, and it represents no other indebtedness.   But conceding that this mortgage is one given to secure the principal debt, no other action has been brought to recover the debt secured by it, and—if the concession be made—no other could be brought on that note until this security has been exhausted.

I think the judgment should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

VAN FLEET, J., HARRISON, J., GAROUTTE, J.