## CACHE VALLEY BANKING CO. v. LOGAN LODGE NO. 1453, B. P. O. E.

No. 5664. Decided April 15, 1936. (56 P. [2d] 1046.)

578

*Leon Fonnesbeck,* of Logan, for appellant.

*George D. Preston,* of Logan, for respondent.

EPHRAIM HANSON, Justice.

This action was begun by plaintiff to recover on four promissory notes alleged to have been executed by the defendant April 24, 1923. Each note is sued upon in a separate cause of action; all causes of action containing the same allegations, except for certain changes to fit the particular note relied on. The notes are set out in hæc verba and the indorsements of the payments made thereon shown in detail. The notes were made payable to plaintiff as trustee for the Farmers' & Merchants' Savings Bank. It is then alleged that the savings bank conveyed and assigned said notes to plaintiff for a valuable consideration prior to the commencement of this action, and the plaintiff is the owner and holder of the same. It is also alleged that each note was secured by a mortgage on certain real property, executed at the same time as the notes, which mortgage was duly recorded. It is further alleged that this mortgage was a second mortgage; that the Beneficial Life Insurance Company held a first mortgage, which mortgage had been foreclosed prior to the commencement of this action in an action brought by the insurance company against the plaintiff and defendant in this action, and pursuant to such foreclosure proceedings the present plaintiff "has been and was thereby foreclosed of all its right, title, claim, lien and demand against said premises, and the security of defendant's second mortgage has been and now is entirely exhausted and that said note is unsecured." Each cause of action contains the usual allegations as to attorney's fees. The prayer asks for judgment for the balance owing as principal on each note together with the interest owing and for attorney's fees.

While defendant demurred to the complaint and its brief contains some argument to the effect that the lower court committed error in overruling its demurrer, ■ there is no assignment of error covering this phase of the case, and we shall not, therefore, consider the same.

Since the case is here upon the sustaining of plaintiff's demurrer to defendant's answer and since such answer contains several separate issues, in order to avoid repetition we shall state the essential allegations of the various parts of such pleading and dispose of the questions raised by this appeal in connection therewith as we proceed with such statement.

The answer first alleges that the persons, the exalted ruler and secretary, who signed the notes had no authority or power to sign the same. Defendant contends that this constituted a defense. It is to be observed, however, that the answer admits that these officers did sign the ■■ notes. The complaint alleges payments on the notes extending over a period of six years. There is no denial of these payments. It appears, therefore, that the defendant voluntarily made payments on these notes for six years. Under such conditions it could not now deny the authority of its officers to execute these notes. Ratification may be implied by acquiescence in, or recognition of, the act of the officers by the corporation or by acts tending to show an acceptance or adoption of the contract. 14a C. J. 382, 383; *Tyng* v. *Constant-Loraine Inv. Co.*, 47 Utah 330, 154 P. 767; *United States Bond & Finance Corporation* v. *National Building & Loan Ass'n*, 80 Utah 62, 12 P. (2d) 758, 17 P. (2d) 238; *Gonzales & Co., Brokers, Inc.*, v. *Thomas*, 42 Ariz. 308, 25 P. (2d) 552.

The answer further alleges that defendant was not, at the time said notes were given, nor has it since become, indebted or obligated to the Farmers' & Merchants' Savings Bank in any sum whatsoever; that there is a total want of consideration for the execution of said notes, and the notes are for that reason invalid and not binding upon defendant. It is

then alleged in a separate defense that defendant's officers who signed the notes were induced to sign the same through fraud and mistake arising out of the following circumstances: The plaintiff, through its officers and agents, represented that there was an outstanding mortgage in favor of the Farmers' & Merchants' Savings Bank against the defendant's home premises in the sum of $3,000 and accumulated interest, which mortgage had been given by the Paramount Candy Company, defendant's predecessor in interest, to the said savings bank and was duly recorded; that plaintiff represented this mortgage was then a valid and subsisting obligation and lien upon said premises, and that the same would or could not be canceled and released of record unless the obligation so secured was assumed by defendant; that the Paramount Candy Company was at the time insolvent, so that a deficiency judgment against it would be worthless; that the fact was that said mortgage had been canceled and released of record January 3, 1923, and did not constitute a lien against said premises when the notes sued on were signed, which fact defendant's officers did not know but plaintiff was fully apprised thereof; that defendant's officers signed said notes with the mistaken understanding and belief that said mortgage was a valid and subsisting lien, and that it was necessary to do so in order to cancel and release said mortgage; that said understanding and belief was induced through the said misrepresentation of plaintiff, its officers and agents; that, had the truth been known, said officers of defendant would not have signed said notes.

It is the plaintiff's contention that the allegation of want of consideration is a mere conclusion and does not state a defense. There is some diversity among the authorities as to whether an allegation that a note was given without any consideration therefor states a conclusion or an ultimate fact. See 8 C. J. 916, § 1204. This court in the case of *Willis* v. *Kronendonk*, 58 Utah 592, 200 P. 1025, 18 A. L. R. 947, held that such an allegation was a conclusion. However, the defendant in this case goes beyond the mere

statement that the notes were executed without any consideration, and alleges the facts and circumstances which would show that they were so executed. If the facts so alleged are true, and we must deem them to be so for the purposes of this appeal, then defendant received absolutely nothing for the notes, as they were given solely to remove an incumbrance that did not exist and would not have been given had defendant known there was in fact no such incumbrance on its property. We do not think that a defense for fraudulent misrepresentation is stated nor was it necessary to state such defense in connection with the defense of want of consideration. We are of the opinion, however, that the facts so alleged, as outlined above, are sufficient to raise the defense of want of consideration. *Smith* v. *Brown,* 50 Utah 27, 165 P. 468. It was error, therefore, for the court to sustain plaintiff's demurrer to such defense.

It is further alleged that the Beneficial Life Insurance Company foreclosed its first mortgage on the premises covered by plaintiff's second mortgage, to which action plaintiff and defendant were parties; that plaintiff failed to plead in said foreclosure action and failed to set up its notes herein sued upon and its said mortgage given to secure the same and failed to have said mortgage foreclosed and the proceeds, if any remained after paying the first mortgage, applied upon said notes; that judgment was entered in favor of the insurance company and its mortgage declared to be a first lien and all the right, title, and interest of the defendants in that action were foreclosed; that said premises were sold to pay said judgment, but sufficient was not realized, and a deficiency was entered against the Farmers' & Merchants' Savings Bank; that said proceedings and judgment have become final and conclusive upon all parties thereto, including plaintiff, and the same is now res judicata in the present action, and plaintiff is estopped to bring this action.

This defense raises the question as to whether it was incumbent upon the plaintiff herein to file a cross complaint against defendant herein in the foreclosure proceedings

brought by the holder of the first mortgage and have plaintiff's second mortgage foreclosed or lose its right to sue on its note. It is true that in this state there can be but one action upon a debt secured by a mortgage and that the personal liability of the mortgagor cannot be enforced until the security has been exhausted. *National Bank of Commerce* v. *James Pingree Co.*, 62 Utah 259, 218 P. 552. But is has also been held that, where the security has been lost through no fault of the mortgagee, an action may be maintained directly upon the personal obligation evidenced by the note without going through the idle and fruitless procedure of foreclosure. *Donaldson* v. *Grant*, 15 Utah 231, 49 P. 779; *Merced Security Sav. Bank* v. *Casaccia*, 103 Cal. 641, 37 P. 648; *Savings Bank* v. *Central Market Co.*, 122 Cal. 28, 54 P. 273, 276.

It was no fault of the plaintiff that the security for its note was lost. The fault is rather with defendant for failing to pay the first mortgage and thus causing it to be foreclosed. The plaintiff could not have prevented the loss of the security by foreclosing its second mortgage. The mortgaged premises were not sufficient to satisfy the first mortgage. As stated in *Savings Bank* v. *Central Market Co.*, supra:

"I know of no rule of law or equity which required the second mortgagee to bring suit to recover his debt when the first mortgagee saw fit to do so. It is apparent that, had he foreclosed, he would have received nothing. I cannot conceive upon what theory the mortgagor or any of the payors can complain that he did not do so. Plaintiff has no longer a lien upon the property, and his debt is not now secured by mortgage. He did not voluntarily release his security. He has not waived nor lost it by his negligence. It was lost by the fault of the mortgagor in not paying the first mortgage."

The case of *Brophy* v. *Downey*, 26 Mont. 252, 67 P. 312, is to the same effect. The following additional authorities hold that foreclosure of the first mortgage does not extinguish the liability of the maker of the second mortgage note, and a suit may be maintained on such note upon loss of the mort-

gaged security through the foreclosure of the first mortgage. *Blackwood* v. *Sakwinski,* 221 Mich. 464, 191 N. W. 207, 29 A. L. R. 1314; *Neild* v. *Woodruff,* 152 Misc. 390, 273 N. Y. S. 528; *Sautter* v. *Frick,* 229 App. Div. 345, 242 N. Y. S. 369; *Weisel* v. *Hagdahl Realty Co.,* 241 App. Div. 314, 271 N. Y. S. 629; *Peterson* v. *Abbe,* 234 Mass. 467, 125 N. E. 611; 2 Wiltsie on Mortgage Foreclosure (4th Ed.) § 1038.

It must follow, therefore, that the judgment foreclosing the first mortgage does not preclude plaintiff from bringing this action on the notes nor is it res judicata of any issues here involved. However, because of the court's error in sustaining plaintiff's demurrer to the defense of ██ want of consideration, the judgment of the lower court is vacated and set aside to the end that the cause may be tried upon the issues thus framed. Appellant to recover costs.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.