UTAH MORTGAGE AND LOAN
COMPANY, a corporation,
Plaintiff and Appellant,

v.

Betty J. BLACK et al., Defendants
and Respondents.

No. 16610.

Supreme Court of Utah.

Sept. 22, 1980.

Steven H. Gunn of Ray, Quinney & Nebeker, Salt Lake City, for plaintiff and appellant.

L. S. McCullough, Jr., Ricardo Ferrari, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice:

Plaintiff Utah Mortgage Loan Corporation sued to recover the unpaid balance of $36,760.01 on a $675,715.00 subdivision loan which it had advanced to defendants Don J. Black (since deceased), Betty J. Black and Don J. Black Realty, Inc., and for which defendants had executed a promissory note, and a trust deed of real property.

On the basis of the submissions, the defendants moved for summary judgment on the ground that the plaintiff had released all of the lots and, under the so-called "one-action rule," [1] could not then recover a deficiency against the defendants. From the granting of that motion, plaintiffs appeal.

The plaintiff argues that because defendants themselves agreed to the release of the security (the lots as they were sold), the proceeds from which were not sufficient to pay the debt, they are not released from paying the balance, but should be held to pay the debt according to the note.

As opposed to the above, the position essayed by the defendants is: that the plaintiff had within its control the entire subdivision, which was sufficient security to pay off the defendants' note, that plaintiff also had discretion as to whether, and for what amounts, it would release the lots; and that having released them without satisfying defendants' debt, it should not be permitted to recover any deficiency from the defendants.

It will be seen from what has been said that the positions stated by the parties are mutually contradictory. Therefore, unless upon the basis of the submissions it appears for a certainty that either one or the other is correct, and therefore entitled to prevail, it is necessary that there be a trial and resolution of this dispute between them.

Insofar as presently shown by the record, the essential facts appear to be: On June 26, 1975, the defendants executed and delivered to the plaintiff a promissory note for the above-described loan. Payment was secured by a trust deed on property located in Salt Lake County which the defendants desired to subdivide and develop. The land, which had an appraised value of $894,000, was conveyed to the plaintiff's trustee, McGhie Land Title Company. The trust deed provided that upon the plaintiff's written request, the trustee could reconvey "all or any part" of the property.

The affidavit of John D. Fry, mortgage officer for the plaintiff, states that:

*Mr. and Mrs. Black requested that Utah Mortgage agree* to release single lots from the trust deed upon payment of the sum of $5,200. This Utah Mortgage agreed to do.

The affidavit of Craig D. Anderson states that:

Utah Mortgage *agreed with the Blacks* and Black Realty that it would give a release on individual lots upon payment of $5,200 per lot . . . the release price was later raised to $5,500.

It further appears that all of the lots were released in that manner and that the plaintiff executed a general release to the entire subdivision.

Thereafter, the plaintiff brought this action alleging that, after applying the total proceeds from the release of the lots, there remained a balance on defendants' note of $36,760.01.

The statutory provision which creates the "one-action rule," relied upon by the defendants, is Section 78-37-1, which provides that:

*There can be one action for the recovery of any debt* or the enforcement of any right *secured solely by mortgage upon real estate which action must be in accordance with the provisions of this chapter.* Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of mortgaged property, or some part thereof, to satisfy said amount and accruing costs, and directing the sheriff to proceed and sell the same . . . .

(All emphasis herein added.)

---

1. 78-37-1, U.C.A. 1953, quoted infra.

In view of our conclusion that it is necessary that there be a trial of the dispute as to material facts, it is appropriate that we comment on certain principles concerning the application of that statute.[2]

■ The purpose of the statute was to eliminate harassment of debtors and multiple litigation which sometimes occurred under the common–law rule which allowed a creditor to foreclose and sell the land, and to sue on the note.[3] The statute limits the creditor to one remedy in exhausting his security before having recourse to the debtor for a deficiency.[4] Consequently, if the creditor (plaintiff here) fails to comply with the statute in not applying the security to the defendants' obligation in accordance with their agreement, that would preclude its recovery of any deficiency against them.[5]

■ We proceed upon the premise, accepted by the parties and the trial court, that the so–called "one–action rule" is also a "one–remedy rule"; and that when a creditor uses up the security which it was agreed would stand good for his debt, he may not look to the debtor personally for any deficiency. In any event, that principle would not apply when the security has been lost or disposed of without any fault or blameworthy conduct on the part of the creditor (plaintiff here). In such instance, an action may be brought upon the note without going through a fruitless procedure of foreclosure on non–existent security.[6] However, if the security is lost or disposed of because of any failure or neglect of the creditor, he deprives himself both of the right to foreclose on the security and to seek a deficiency from the debtor.[7]

■ It is further true that the creditor cannot waive the application of the statute without the consent of the debtor (defendants here) by releasing the mortgage for the purpose of bringing an action on the note.[8] But it is also true that if the debtor (defendants here) requests or consents to the disposition of the security, and it does not satisfy his full debt, he is precluded from complaining about the disposition of the security, and is still liable for the obligation on his note.[9]

■ The critical question here is whether, as defendants contend, the plaintiff had "sole discretion" as to whether, and for what amounts, it would release the lots; or, as the plaintiff contends, the defendants both agreed to and requested that the lots be released on payments of the amounts of

2. That upon remand for further proceedings the court should pass upon questions of law that may be involved, see Rule 76(a), U.R.C.P.; *Le-Grand Johnson Corp. v. Peterson*, 18 Utah 2d 260, 420 P.2d 615 (1966).

3. *Paramount Ins., Inc. v. Rayson & Smitley*, 86 Nev. 644, 472 P.2d 530 (1970). See statements in *Mickelson v. Anderson*, 81 Utah 444, 19 P.2d 1033 (1933); *Winkleman v. Sides*, 31 Cal. App.2d 387, 88 P.2d 147 (1939); *Haas v. Palace Hotel Co.*, 101 Cal.App.2d 108, 224 P.2d 783 (1951); *Walker v. Community Bank*, 10 Cal.3d 729, 111 Cal.Rptr. 897, 518 P.2d 329 (1974).

4. *Cache Valley Banking Co. v. Logan*, 88 Utah 577, 56 P.2d 1046 (1936); *Merced Security Sav. Bank v. Casaccia*, 103 Cal. 641, 37 P. 648 (1894); *McMillan v. United Mortgage Co.*, 84 Nev. 99, 437 P.2d 878 (1968).

5. 55 Am.Jur.2d, Mortgages, sec. 538; 6 Utah L.Rev. 560 (1959); 1976 Utah L.Rev. 327, 337; *Donaldson v. Grant*, 15 Utah 231, 49 P. 779 (1897); *Smith v. Jarman*, 61 Utah 125, 211 P. 962 (1922); *National Bank of Commerce v. James Pingree Co.*, 62 Utah 259, 218 P. 552

(1923); *Bank of Ephraim v. Davis*, Utah, 581 P.2d 1001 (1978). See also *Bank of California National Ass'n v. Leone*, 37 Cal.App.3d 444, 112 Cal.Rptr. 394 (1974).

6. *Hibernia Sav. & Loan Society v. Thornton*, 109 Cal. 427, 42 P. 447 (1895); *Cache Valley Banking Co. v. Logan*, supra, note 3; *Security–First Nat. Bank v. Chapman*, 31 Cal.App.2d 182, 87 P.2d 724 (1939).

7. 55 Am.Jur.2d, Mortgages, sec. 538; 44 Cal. Jur.3d, Mortgages, sec. 55; *Hibernia Sav. & Loan Society v. Thornton*, supra, note 6; *Rein v. Callaway*, 7 Idaho 634, 65 P. 63 (1901); *Donaldson v. Grant*, supra, note 4.

8. *Hibernia Sav. & Loan Society v. Thornton*, supra, note 6; *Salter v. Ulrich*, 22 Cal.2d 263, 138 P.2d 7 (1943).

9. That the operation of the "one–action rule," which is clearly designed for the benefit of the debtor, can be waived by him, see statements in *Salter v. Ulrich*, supra, note 8.

$5,200, or later for $5,500 each, which did not aggregate enough to pay for the defendants' debt.

From the facts thus far revealed in the record by the submissions and averments of the parties, the dispute between them as to their mutual obligations and performance of their duties cannot be resolved with any degree of certainty. On remand, if it appears that the defendants are correct in their assertion that the plaintiff could "at its sole discretion," without let or hindrance from the defendants, either release the lots or not, or could itself require whatever lot release price it desired, then the plaintiff should be held responsible for permitting the security to be disposed of, and should not be able to look to the defendants for a deficiency. On the other hand, if it is determined to be the fact that the defendants requested and agreed that the lots be released, first for the $5,200 and later for the $5,500 each, they should not be heard to complain that the plaintiff acted in accordance with their agreement, and they should be held liable for remaining indebtedness on the note.

Inasmuch as there is dispute as to material facts, it is necessary that the summary judgment be vacated and that this case be remanded to the district court for further proceedings consistent with this opinion. The parties to bear their own costs.

MAUGHAN, WILKINS and STEWART, JJ., concur.

HALL, J., concurs in result.