The LOCKHART CO., Plaintiff and Respondent,

v.

EQUITABLE REALTY, INC., Howard F. Hatch and Marjorie S. Hatch, Defendants and Appellants.

No. 18029.

Supreme Court of Utah.

Jan. 10, 1983.

Howard F. and Marjorie S. Hatch, pro se.

Robert S. Prince, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Plaintiff The Lockhart Co. (Lockhart) brought this action to recover the balance owing on a promissory note secured by a deed of trust to real property. Summary judgment was granted in favor of Lockhart and defendants appeal, contending that the trial court erred in granting judgment on the note prior to the time the security was exhausted.

Lockhart loaned to defendants the sum of $8,090, evidenced by the promissory note in question and secured by a deed of trust to certain real property in Utah County. At the time of that transaction, Zions First National Bank (Zions) held a prior lien on the same property, also secured by a deed of trust. Subsequently, an action was commenced against defendants by one Southam and Warburton, Inc., to foreclose a mechanic's lien on the subject property. Zions was

named as a party defendant by reason of its security interest in the property. Defendants promptly satisfied the obligation giving rise to the mechanic's lien, but in the meantime they defaulted on their obligation to Zions. Consequently, Zions filed a cross-complaint against defendants to foreclose its senior lien on the subject property. Additionally, Zions filed a third-party complaint, naming Lockhart as a third-party defendant in recognition of its security interest in the property. Lockhart appeared in defense of its interest, but later saw fit to disclaim any interest therein, concluding that Zions' senior interest in the property would exceed the value of the property, and would therefore render Lockhart's junior interest of no value.

Prior to foreclosure in the Zions case, Lockhart filed the instant action against the defendants, alleging their default on the promissory note and declaring said note due and payable pursuant to its terms. In their answer, by way of an affirmative defense, defendants asserted Lockhart's failure to protect its security interest in the property and to exhaust the same before resorting to action on the promissory note.

Thereafter, Lockhart moved for summary judgment supported by the affidavit of Rex Nilsen, a branch manager for Lockhart. In the affidavit, Nilsen averred that the sums sought by Lockhart, characterized as the balance due on the note and the attorney fees and costs incurred in both the Zions foreclosure action and the instant action, were legitimate and justifiable by the terms of the note and trust deed. In response thereto, defendants moved to dismiss the action for failure to exhaust the security evidenced by the trust deed. Thereupon, Lockhart submitted supplemental affidavits which consisted of: a second affidavit of Nilsen, wherein he averred that the appraised value of the subject real property ranged from $50,150 to $56,300, and that in his opinion, Lockhart's security would be rendered valueless by the foreclosure of Zi-

ons first lien thereon; the affidavit of Robert Friel, a loan officer for Zions, in which he averred that the subject property had a value not in excess of $67,000, that the balance due Zions was $31,971.85, plus interest and other costs which amounted to approximately $15,000; and the affidavit of John A. Beckstead, Zions' attorney, who averred that attorney fees incurred in the Zions foreclosure action totalled $9,487.50.

No hearing was held on the motions, and by minute entry of August 24, 1981, the court granted summary judgment in favor of Lockhart.

On appeal, defendants contend that Lockhart's cause of action on the note should have been dismissed for failure to comply with the "one-action rule" contained in U.C.A., 1953, § 78–37–1, which reads in part as follows:

> There can be one action for the recovery of any debt or the enforcement of any right secured solely by mortgage upon real estate which action must be in accordance with the provisions of this chapter. Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of mortgaged property, or some part thereof, to satisfy said amount and accruing costs, and directing the sheriff to proceed and sell the same . . . .

This Court has construed the foregoing statute as follows:

> Under this and the following section there is no personal liability on the part of mortgagor until after foreclosure or sale of the security and then only for the deficiency then remaining unpaid; a mortgagee may not have a personal judgment against the mortgagor until the security has first been exhausted.[1]

Accordingly, defendants assert that Lockhart was obligated to first exhaust the security (trust deed) before pursuing an action on the promissory note, and that its disclaimer of the security prior to its ex-

---

1. *First National Bank of Coalville v. Boley,* 90     Utah 341, 61 P.2d 621, 623 (1936).

haustion (consummation of the Zions foreclosure action) abrogated its right to being an action on the note. To support this position, defendants cite *Utah Mortgage & Loan Co. v. Black,*[2] wherein this Court stated:

> The purpose of the statute was to eliminate harassment of debtors and multiple litigation which sometimes occurred under the common-law rule which allowed a creditor to foreclose and sell the land and sue on the note. The statute limits the creditor to one remedy in exhausting his security before having recourse to the debtor for a deficiency. Consequently, if the creditor ... fails to comply with the statute in not applying the security to the defendants' obligation in accordance with their agreement, that would preclude its recovery of any deficiency against them.[3]

Lockhart's rejoinder is that defendants waived their right to have these issues considered on appeal by failing to raise them in the trial court. Lockhart's motion for summary judgment and affidavits in support thereof were submitted pursuant to Rule 56(c), Utah R.Civ.P. Lockhart contends that defendants' responsive motion to dismiss did not sufficiently controvert Lockhart's position so as to create a material factual issue requiring a trial.[4]

This Court reviewed the standard for applying Rule 56, Utah R.Civ.P. in the recent decision of *Bowen v. Riverton City:*[5]

> Summary judgment is proper only if the pleadings, depositions, affidavits and admissions show that there is no genuine issue of material fact and that the mov-

ing party is entitled to judgment as a matter of law [citation omitted]. If there is any doubt or uncertainty concerning questions of fact, the doubt should be resolved in favor of the opposing party. Thus, the court must evaluate all the evidence and all reasonable inferences fairly drawn from the evidence in a light most favorable to the party opposing summary judgment. [Citations omitted.]

■ In the instant case, defendants' affirmative defense and motion to dismiss, based upon Lockhart's failure to comply with the provisions of U.C.A., 1953, § 78–37–1, precludes the granting of summary judgment in favor of Lockhart. Lockhart concedes that it has abandoned the security prior to its exhaustion, and that it filed this action prior to the disposition of Zions' foreclosure action. It attempts to justify its position by asserting that an action to foreclose its junior lien against the security would be "idle and fruitless" since the security's value would be depleted by the senior lien held by Zions. It was, therefore, unnecessary for defendants to submit opposing affidavits as to this issue in order to comply with Rule 56(e), *supra,* because the issue was sufficiently raised in their answer and motion to dismiss, and was uncontroverted by Lockhart's affidavits.[6]

■ Lockhart relies upon a well-recognized exception to the "one-action rule." The exception applies in cases where the security interest in the real property has been depleted and is valueless through no fault of the mortgagee. Lockhart cites and relies upon *Cache Valley Banking Co. v.*

---

2. Utah, 618 P.2d 43 (1980).

3. *Id.* at 45.

4. Lockhart relies upon Rule 56(e), Utah R.Civ.P., which reads:

> When a motion for summary judgment is made and supported as provided in this Rule [*i.e.,* by correctly sworn affidavits], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided

in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

5. Utah, 656 P.2d 434 (1982).

6. See *Preston v. Lamb,* 20 Utah 2d 260, 436 P.2d 1021 (1968).

*Logan*[7] as supportive of its position. There, this Court articulated the exception as follows:

> But it has also been held that, where the security has been lost through no fault of the mortgagee, an action may be maintained directly upon the personal obligation evidenced by the note without going through the idle and fruitless procedure of foreclosure.[8]

The foregoing exception has no application in this case. A distinction is to be drawn between this case and the *Cache Valley* case in that in the present case the action on the note was initiated *prior to* the consummation of the foreclosure action prosecuted by the first lienholder (Zions); whereas, in *Cache Valley* the junior lienholder's prosecution of the note did not commence until the senior lien was foreclosed and a deficiency determined.[9] Likewise, in *Savings Bank v. Central Market Co.,*[10] which also held the exception applicable, the first mortgage was foreclosed and the property sold before the action was commenced on the note by the second mortgagee.[11] Hence, in both *Cache Valley* and *Savings Bank,* the exception was applied upon the basis of an existing and certain deficiency in the security's value; while, in contrast, Lockhart in this case seeks to have the exception applied upon the basis of a speculated or estimated deficiency.

■ In accordance with precedent and the clear intent of the statute (§ 78–37–1), we hold that it is not enough to speculate that the security is valueless, or might become valueless if foreclosed by the senior lienholder. Rather, the security must be, in fact, exhausted and a deficiency established to a certainty in order for the exception to

apply. We further rely upon *Zion's Savings Bank & Trust Co. v. Rouse,*[12] where this Court held:

> [E]ven where at the time of the giving of the mortgage there were mortgages prior to the plaintiff's mortgage of such amounts as to take up the entire value of the property, the plaintiff was still compelled to foreclose his subsequent mortgage and come against the general assets of the defendant only by way of a deficiency judgment.[13]

The Court went on to say concerning the exception to the one-action rule:

> Consequently, it transpires that not only must there be but one action for the recovery of the debt, but that the judgment obtained in said action must first provide for the sale of the security, *unless proper allegation and proof is made that the security has become valueless,* and that the only personal judgment that can be obtained is a deficiency judgment. [Emphasis added.][14]

The foregoing phrase, "unless proper allegation and proof is made that the security has become valueless," contemplates, and moreover requires, that the plaintiff/mortgagee show the security has been foreclosed and sold or otherwise lost by no fault of plaintiff prior to commencement of the action on the note.

In the instant case, not having made an adequate showing that the security is without value, and having failed to first exhaust its security, Lockhart is precluded by the "one-action rule" from pursuing this action on the note.

Reversed and remanded with instructions to dismiss the complaint. Costs to defendants.

7. 88 Utah 577, 56 P.2d 1046 (1936).

8. *Id.* 56 P.2d at 1049.

9. 56 P.2d at 1049.

10. 122 Cal. 28, 54 P. 273 (1898).

11. 54 P. at 275.

12. 86 Utah 574, 47 P.2d 617 (1935).

13. *Id.* 47 P.2d at 623.

14. *Id.*

STEWART, HOWE, and DURHAM, JJ., and DOUGLAS L. CORNABY, District Judge, concur.

OAKS, J., having disqualified himself, does not participate herein.

CORNABY, District Judge, sat.