Joseph D. SANDERS and Cheryl
M. Sanders, Plaintiffs and
Appellants,

v.

Martin S. OVARD, Reva S. Ovard, Ben F.
Ovard, Helen T. Ovard, and Jax Hayes
Pettey, Defendants and Appellees.

No. 910211.

Supreme Court of Utah.

Sept. 25, 1992.

Frederick N. Green, Julie V. Lund, Salt Lake City, for plaintiffs and appellants.

Thomas N. Crowther, James J. Lund, Salt Lake City, for defendants and appellees.

PER CURIAM:

Plaintiffs Sanders appeal from the trial court's final order clarifying a judgment of foreclosure and deficiency it previously awarded defendants Ovard. We affirm.

Defendants sold residential real property to plaintiffs. As part of the purchase price, plaintiffs gave defendants a promissory note secured by a second trust deed on the property. Plaintiffs' first trust deed was with Mountainwest.

Plaintiffs defaulted under both trust deeds, and defendants began nonjudicial trust deed foreclosure proceedings. Plaintiffs sued to enjoin defendants, and defendants counterclaimed to foreclose their second trust deed as a mortgage. At the pretrial conference, the parties stipulated

to nonjudicial foreclosure proceedings in the event defendants prevailed at trial.

After trial to the bench, the trial court awarded defendants judgment for $40,-600.50 and allowed them to proceed with their nonjudicial foreclosure of the second trust deed.

Plaintiffs appealed to this court, which transferred the case to the court of appeals. That court affirmed the judgment by an unpublished order of affirmance, and this court denied plaintiffs' petition for certiorari. *Sanders v. Ovard,* # 890063–CA (Utah Ct.App. July 6, 1990), *cert. denied,* 795 P.2d 1138 (Utah 1990).

While this case was pending, Mountainwest foreclosed the first trust deed nonjudicially and sold the property at trustee's sale for an amount equal to the amount owed on that trust deed note. Defendants attempted to negotiate a sale with Mountainwest but were unable to meet Mountainwest's terms and conditions. After the denial of certiorari, defendants attempted to execute directly on their judgment because their security had been lost as a result of the prior trustee's sale by Mountainwest. Plaintiffs filed a motion for an order clarifying the judgment. The trial court ruled that defendants were entitled to collect on the judgment they obtained on plaintiffs' promissory note, inasmuch as the first trust deed had been foreclosed on the property, thereby extinguishing defendants' lien. Plaintiffs appeal from that ruling.

■ This court is asked to decide whether defendants are precluded from executing on the full amount of their judgment because they failed to comply with the one-action rule, Utah Code Ann. § 78–37–1.[1] The issue is one of law, which this court reviews under a correction-of-error standard, without deference to the trial court's legal conclusions. *Bonham v. Morgan,* 788 P.2d 497 (Utah 1989) (per curiam). We conclude that this case is governed by our decision in *City Consumer Services, Inc. v. Peters,* 815 P.2d 234 (Utah 1991) (*"Peters"*), and affirm the order below.

■ In *Peters,* this court held that a junior lienholder under a second trust deed was not barred by the one-action rule from proceeding against the debtor on the underlying obligation. The senior lienholder in that case had foreclosed against the property for the amount of the outstanding debt it was owed on its first trust deed.

Plaintiffs attempt to distinguish *Peters.* They argue that the one-action rule limited defendants' foreclosure judgment to the difference between amounts owed by plaintiffs, plus allowable costs, and the fair market value of the property at the time of sale. They say they so stipulated at the pretrial conference. Defendants, unlike the junior lienholder in *Peters,* had been granted a judgment of foreclosure, and all that was needed was the publication of notice to hold the trustee's sale. Plaintiffs therefore believe that defendants' failure to protect their interest in the property and to pursue the remedy allowed by the trial court was "blameworthy" conduct. Thus, continues their argument, the exception to the one-action rule (loss of security through no fault of the creditor) articulated in *Lockhart Co. v. Equitable Realty Co.,* 657 P.2d 1333 (Utah 1983), does not apply.

Defendants respond that *Peters* is squarely on point with this case. They repeat the rationale this court borrowed from *Roseleaf Corp. v. Chierighino,* 59 Cal.2d 35, 27 Cal.Rptr. 873, 378 P.2d 97 (1963), when it compared the position of the junior lienholder to that of the senior lienholder. The junior would have to invest additional funds to redeem or buy in at the trustee's sale, whereas the senior needs to bid only the amount of the senior's judgment or the fair market value, whichever is *less.* Defendants therefore contend that

1. Utah Code Ann. § 78–37–1 provides:
   There can be one action for the recovery of any debt or the enforcement of any right secured solely by mortgage upon real estate which action must be in accordance with the provisions of this chapter. Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of mortgaged property, or some part thereof, to satisfy said amount and accruing costs, and directing the sheriff to proceed and sell the same according to the provisions of law relating to sales on execution, and a special execution or order of sale shall be issued for that purpose.

they qualify for the exception to the one-action rule, because their conduct was not blameworthy.

■ We agree with defendants. The pretrial stipulation between plaintiffs and defendants to limit defendants' judgment to the difference between the debt owed and the fair market value of the property at the time of sale was meant to apply to the deficiency judgment after sale, as provided by statute.[2] In its order after the previous appeal, the trial court ruled that defendants were entitled to collect against the underlying obligation, as their security had been extinguished through the intervening trustee's sale by Mountainwest. The judgment now appealed thus was not a deficiency judgment under *Peters*, and the parties' stipulation had no bearing on the trial court's clarification order.

As we noted in *Peters*, "It was no fault of the [junior lienholder] that the security for its note was lost. The fault is rather with the [debtor] for failing to pay the first mortgage and thus causing it to be foreclosed." 815 P.2d at 236 (citing *Cache Valley Banking v. Logan Lodge*, 88 Utah 577, 56 P.2d 1046, 1049 (1936)). As we also noted in *Peters*, "[I]f the second [mortgage] is not secured as a result of the senior's foreclosure, the "deficiency" statute does not apply because the second's suit is not for a *deficiency*." 815 P.2d at 239 (emphasis in original). Defendants are therefore not limited in pursuing their full claim against plaintiffs personally.

Under *Peters*, this court squarely places the burden of protecting property subject to multiple liens on the debtor, not on the junior lienholder.

The judgment is affirmed. Defendants request an award of contractual attorney fees on appeal, in addition to those the trial court awarded them on their counterclaim. The request is granted. The matter is remanded to the trial court for the limited purpose of assessing attorney fees. *Reid*

*v. Mutual of Omaha*, 776 P.2d 896, 909 (Utah 1989).