[Civ. No. 3946.   Fourth Dist.   Sept. 2, 1949.]

JAMES H. KENNEDY, Appellant, v. WILTON M. MORRISON et al., Respondents.

Stickney & Stickney and Edward Strop for Appellant.

McInnis & Hamilton and Renwick Thompson for Respondents.

MUSSELL, J.—This is an appeal from a judgment entered on sustaining demurrers without leave to amend in an action for attorneys' fees.

Plaintiff as lessor, and defendants Morrison and Phipps as lessees, entered into a written lease of real property in the city of San Diego. The lessees, with the written consent of lessor, assigned the lease to defendants George and Genell Styliano who conducted a business on the property known as the "New Paris Inn." The Stylianos took possession July 1, 1946, and operated the business until October 27th, at which time they ceased to pay rent, committed other breaches of the lease, closed and locked the doors and ceased to operate the establishment.

The present action is for attorneys' fees for legal services rendered to plaintiff, as lessor, in litigation arising by reason of the breach of the provisions of the lease by the defendants and is based upon the provisions of paragraph 19 thereof, which is as follows:

"*Litigation Involving Lessor*—Lessees agree that should Lessor be made a party, without his fault, to any litigation brought by or against Lessees, or any of them, or because of the violation of or the refusal by Lessees to perform or observe any one or more of the covenants or conditions of this lease on their part, or should Lessor be compelled to employ an attorney or agent to enforce the payment of rent, or to enforce the performance or observance of any of the covenants

or conditions of this lease on the part of Lessees, or to recover possession of the leased premises or any part thereof, then, and in each and every such instance, Lessees will pay the amounts reasonable incurred or expended by Lessor, including a reasonable fee to such agent and/or attorney, and the expense of preparing and serving any notice or demand required or permitted by law; and that the same will be so paid upon demand, or may be included as a part of the judgment in any action or proceeding then brought or pending, or in any separate action brought for that purpose. In the event a declaratory relief action should be filed in which the Lessors and Lessees are parties and in which this lease would be involved, the court shall on final judgment award to the prevailing or successful party reasonable attorneys fees.''

The lease contains the following language in paragraph 12:

''Lessees, contemporaneously with the execution of this lease, have executed a chattel mortgage to Lessor covering all of said fixtures, furniture, furnishings and equipment to secure the faithful and prompt performance of all the terms, conditions and covenants contained in this lease.''

It is further provided in paragraph 20, that:

''Mention in this lease of any particular remedy shall not preclude Lessor from any other remedy, in Law or in Equity.'' And in paragraph 27: ''It is further agreed that the rights and remedies given to Lessor by this lease are cumulative, and are not intended and shall not operate to deprive Lessor of any other rights or remedies available to them, whether in law or equity, or pursuant to special proceedings.''

Plaintiff in his amended complaint alleged the execution of the lease and set forth the terms thereof by reference. It is alleged that the lease was assigned to the Stylianos; that they took possession and operated the business until October 27, 1946, when the premises were closed and locked without the consent of plaintiff; that defendants failed to pay the rent and committed other breaches of the lease; that by reason of the breach and default of defendants, plaintiff employed attorneys who performed various legal services for him (exclusive of legal services rendered in foreclosing the chattel mortgage mentioned in the lease), which services included the bringing of an action to collect rent, preparation and service of various notices, appearances in court in preliminary matters, and the defense of a damage action brought by the Stylianos against plaintiff, the trial of which consumed 10 days' time. It was alleged that the legal services, exclu-

sive of those rendered in the foreclosure suit, were reasonably worth $3,400 and judgment was prayed for in that amount. It was further alleged that in the action to foreclose the chattel mortgage the findings of fact and conclusions of law entered by the court, which have become final, contained the following provisions:

"The Court further finds that under the provisions of Section 6 of the Chattel Mortgage, the right of the plaintiff, James H. Kennedy, to recover in this action from the defendants a sum covering attorneys' fees is fixed at $600.00, and is limited to legal services in bringing this action to foreclose the Chattel Mortgage; the Court further finds that other and further legal services have been rendered to plaintiff by his counsel, in addition to bringing this action to foreclose the Chattel Mortgage, which services were made necessary by reason of the default of the defendants, but no finding is made in this action as to the right, if any, of the plaintiff to recover from the defendants under the provisions of the Lease, and particularly Section 19 thereof, a reasonable sum for attorneys' fees for such legal services so rendered to the plaintiff, for the reason that such right is not an issue in this action; that by reason of the default of said defendants, there has become due, owing and payable, under the terms and provisions of said Chattel Mortgage, from the defendants Wilton M. Morrison, Eugene E. Phipps, George Styliano and Genell Styliano, to the plaintiff, James H. Kennedy, the sum of ONE HUNDRED THIRTY-THREE and 43/100 DOLLARS ($133.43), representing costs and expenses exclusive of legally taxable costs, and SIX HUNDRED DOLLARS ($600.00), representing attorneys' fees for legal services rendered to the plaintiff in bringing this action to foreclose said Chattel Mortgage."

Plaintiff appeals from the judgment of the trial court entered in favor of the defendants Morrison and Phipps, by which judgment the demurrers of said defendants to plaintiff's amended complaint were sustained without leave to amend.

The grounds stated in the demurrers are that the complaint fails to state a cause of action against defendants Morrison and Phipps in that it is shown upon the face of the complaint that in another action between the same parties judgment has been rendered upon the same cause of action, and plaintiff's cause of action, if any, has thereby been split.

Defendants take the position that plaintiff was permitted to bring but one action for liability secured by the chattel

mortgage and that any claims not included in that action were barred. They rely principally upon the provisions of section 726 of the Code of Civil Procedure that, "There can be but one form of action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter."

The first question presented is whether the liability for the attorneys' fees here sued for was *secured* by the terms of the chattel mortgage. The recital in the lease that a chattel mortgage was executed to secure the performance of all of the terms, conditions and covenants contained in the lease does not necessarily establish that a mortgage in that form was actually executed which did in fact secure the payment of the attorneys' fees in question. The findings of fact and conclusions of law made by the trial court in the foreclosure action are to the effect that the right of plaintiff to recover attorneys' fees therein was limited to the recovery of such fees for the foreclosure of the mortgage and that the right of plaintiff to recover attorneys' fees under the provisions of paragraph 19 of the lease was not in issue in that action.

Since this case is before us on demurrers, the allegations of plaintiff's first amended complaint must be regarded as true (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 41 [172 P.2d 867]) and we therefore assume for the purpose of passing upon the action of the court in sustaining the demurrers without leave to amend that plaintiff did not seek to recover the attorneys' fees here involved in his complaint for foreclosure and that no such fees were recoverable therein since there was no provision in the mortgage permitting such recovery. In this connection it must also be assumed from the findings and conclusions alleged that the sum of $600 was the full amount which was or could be allowed as attorneys' fees in the foreclosure action, leaving a balance of $3,400 owing and unpaid from defendants to plaintiff.

The principal purpose of section 726 of the Code of Civil Procedure is to require that the security afforded by a mortgage must be exhausted before a personal action may be brought on the debt. As was said in *Merced Security Sav. Bank* v. *Casaccia*, 103 Cal. 641, 644 [37 P. 648] : "The obvious purpose of the statute is to compel one who has taken a special lien to secure his debt to exhaust his security before having recourse to the general assets of the debtor. When he has done this, or when, without his fault, the security has

been lost, the policy of the law does not prohibit a personal action.'' If at the time plaintiff commenced the present action the unpaid balance of the attorneys' fees was not secured by the chattel mortgage, the provisions of section 726 of the Code of Civil Procedure are not applicable. (*Nelson* v. *Bank of America,* 76 Cal.App.2d 501, 508 [173 P.2d 322].) Where, as here, the mortgage was foreclosed and the judgment has become final the defendants are bound by it, even though the judgment may be erroneous and a determination that a splitting of causes of action was proper. (*Stark* v. *Coker,* 20 Cal. 2d 839, 844 [129 P.2d 390].)

The provisions of the chattel mortgage involved, the terms of the judgment in the action to foreclose it, and the pleadings therein are not before us for consideration in determining this appeal and are all matters which may be considered upon a trial of the instant action.

While the amended complaint is objectionable on the special grounds stated, we are unable to say that the defects in the pleading cannot be cured by amendment. We conclude that the amended complaint is not fundamentally deficient in showing a right to some relief and that the court should not have sustained the demurrers without leave to amend. As was said in *Katz* v. *Driscoll,* 86 Cal.App.2d 313, 316 [194 P.2d 822] :

''While the granting of leave to amend after a demurrer is sustained to a complaint is ordinarily within the discretion of the court, it will be held an abuse of discretion to sustain without leave to amend a demurrer where the complaint is not fundamentally deficient in alleging facts showing a right to some relief which can properly be given, but is only defective with respect to the manner or form in which the facts warranting relief have been pleaded.''

Judgment reversed and the trial court is directed to permit amendment to the complaint.

Barnard, P. J., and Griffin, J., concurred.