(May 2, 1899.)

## BARNES v. BUFFALO PITTS COMPANY.

### [57 Pac. 267.]

APPEAL—UNDERTAKING ON APPEAL—FORECLOSURE OF MORTGAGE—STAY
OF EXECUTION.—On appeal from a judgment for foreclosure of
a mortgage upon personal property, an undertaking in the sum of
$300 is sufficient to stay the execution of the judgment pending
the appeal, and if the district court requires the appellant to give
a further undertaking to stay execution, such undertaking is void
and cannot be enforced against the sureties therein.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode and Warren Truitt, for Appellant.

Appellant claims that when an appeal is perfected from such
an order or judgment as the one appealed from, all proceedings
in the cause are stayed until the determination of such appeal.
(Idaho Rev. Stats., sec. 4814; *Ruggles v. Superior Court,* 103
Cal. 125, 37 Pac. 211; *Livermore v. Campbell,* 52 Cal. 75; *Chou-
teau v. Rowse,* 90 Mo. 191, 2 S. W. 209; *Petrie v. Muskegon C.
Judge,* 98 Mich. 130, 56 N. W. 1109; *Woodrum v. Kirkpatrick,*
2 Swan (Tenn.), 218; 2 Ency. of Pl. & Pr. 327 et seq.; *Kauf-
man v. Superior Court,* 108 Cal. 446, 41 Pac. 476.)

S. S. Denning, for Respondent, cites no authorities on this
point decided by the court.

HUSTON, C. J.—Plaintiff brought action against defendant under the provisions of section 3364 of the Revised Statutes to recover $100 penalty, and $300 damages, for defendant's refusal to discharge a mortgage alleged to have been fully satisfied. The answer put in issue the material allegations of the complaint, and at the same time defendant filed a cross-complaint, alleging the sum of $402.15 and an attorney's fee of $40 to be due on the promissory notes secured by said mortgage, and demanding judgment and decree foreclosing said mortgage. Judgment and decree for the amount claimed by defendant in its cross-complaint was rendered by the district court, from which plaintiff appealed to this court, where the judgment of the district court was affirmed. (*Barnes v. Agricultural Works,* ante, p. 259, 55 Pac. 237.)

Upon taking appeal from the judgment and decree of the district court, in favor of the defendant, the plaintiff in said action filed his undertaking on appeal in the sum of $300, and subsequently, by order of the court, filed an additional bond in the sum of $150, as fixed by the court, "to pay any deficiency arising from the sale of said property, and under said statutory obligations." Subsequently the judge of the district court set aside its order so made as "erroneous and void," and required the appellant in that action to give a bond in double the amount of the judgment and decree; which order was complied with by the plaintiff in said action by filing a new undertaking for costs in the sum of $300, and a stay bond in the sum of $950, that being the amount fixed by the judge of the district court, and the sum being more than double the amount of the judgment or decree rendered in said cause, which was $450.85. On the coming down of the *remittitur,* the appellant in said action moved for judgment on the undertaking on appeal against the sureties therein, under the provisions of section 4810 of the Revised Statutes. The plaintiff filed objections to said motion, which objections were sustained by the court, and the motion overruled, from which action of the district court this appeal is taken.

The only matter before us for review on this appeal is the action of the district court in overruling defendant's motion for

judgment against the sureties on the undertaking on appeal. It is contended by appellant—first, that the undertaking in question was authorized by sections 4810 and 4813 of the Revised Statutes; second, that if the undertaking "was not authorized by statute, still the judge had jurisdiction of the subject matter, and, if his judgment or order was erroneous, it ought to have stood upon its exceptions, and taken an appeal to this court from such order or objection"; third, "conceding that the bond was not authorized either under section 4810 or section 4813, still the court was authorized to order and demand the bond under sections 4 and 3925 of the Code of Idaho." The fourth contention, we think, is altogether too speculative to require consideration.

As to the first proposition of appellant: Section 4810 of the Revised Statutes provides for and defines the kind of undertaking required in an appeal from a money judgment. This was not an appeal from a money judgment. The action was for the foreclosure of a chattel mortgage. The judgment and decree was for a foreclosure and sale of the mortgaged property. There can be no money judgment entered in an action to foreclose a mortgage lien, except as provided in section 4520 of the Revised Statutes, to wit: "And if it appear from the sheriff's return that the proceeds are insufficient and a balance still remains due, judgment can then be docketed for such balance, against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases on which execution may be issued." The statement in the decree, "that the defendant, the Buffalo Pitts Company, do have and recover from plaintiff, Thomas Barnes, the sum of $442.15, with interest thereon at the rate of seven per cent per annum from date hereof, together with costs of suit, hereby taxed at $8.70," is not a money judgment. No execution could be issued thereon; but when the mortgaged property has been exhausted, and there still remains a balance due the creditors, he may have a judgment docketed "for such balance against the defendant or defendants personally liable for the debt," etc. It seems to us the purpose of the statute is plain, and its provisions clear and unequivocal.

Section 4520 of the Revised Statutes provides: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property which must be in accordance with the provisions of this chapter." This would seem to settle the contention of appellant that the judgment in this case was a money judgment, and came under the provisions of section 4810 of the Revised Statutes in regard to undertakings on money judgments. Section 4813 of the Revised Statutes applies solely to appeals from judgments or orders directing the sale or delivery of possession of real property, and has no application to the case under consideration.

But appellant contends that, although the undertaking was not authorized either under sections 4810 and 4813 of the Revised Statutes, "still the court was authorized to order and demand the bond under sections 4 and 3925 of the Code of Idaho." The benevolence of section 4 of the Revised Statutes, latitudinous as it is, can hardly be invoked in this case. Section 3925 is as follows: "When jurisdiction is by this code or any other statute conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." But the code has clearly and succinctly pointed out the procedure to be followed in cases such as that under consideration, in sections 4809 and 4817 of the Revised Statutes. The statute having provided the kind of an undertaking required, the court was not authorized or empowered to demand another or different undertaking, and its order to that effect was void. (*Snow v. Holmes,* 64 Cal. 232, 30 Pac. 806; *Powers v. Crane,* 67 Cal. 65, 7 Pac. 135; *Johnson v. Powers,* 93 Cal. 266, 28 Pac. 1070.) The judgment of the district court is affirmed, with costs to respondent.

Quarles and Sullivan, JJ., concur.