769 P.2d 1111

Harold FRAZIER and Mary Lou Frazier, husband and wife, Plaintiffs–Respondents,

v.

NEILSEN & COMPANY, an Idaho partnership; Craig H. Neilsen; Mark Holmstead, as Trustee of the Anderson Able Trust; The Anderson Able Trust; Mark Holmstead as Trustee of the Anderson Baker Trust; The Anderson Baker Trust; Mark Holmstead as Trustee of the Anderson Charlie Trust; The Anderson Charlie Trust; Mark Holmstead as Trustee of the Anderson Cherokee Trust; The Anderson Cherokee Trust; Mark Holmstead as Trustee of the Anderson Geronimo Trust; The Anderson Geronimo Trust; Mark Holmstead as Trustee of the Anderson Mohawk Trust; The Anderson Mohawk Trust; Craig H. Neilsen as Trustee of the Ray Neilsen Testamentary Trust; and The Ray Neilsen Testamentary Trust, Defendants–Appellants.

No. 16870.

Supreme Court of Idaho.

Feb. 21, 1989.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-appellants. Loren Ipsen argued, Boise.

Russell G. Kvanvig, Boise, for plaintiffs-respondents.

THE PREVIOUS OPINION ISSUED AUGUST 17, 1988, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR.

McQUADE, Justice, Pro Tem.

The issue presented in this case is whether the holders of a promissory note secured by a deed of trust encumbering Idaho real property may sue for a money judgment on the note without first exhausting their security by judicial foreclosure or by exercise of the power of sale. We hold that they may.

The facts may be summarized as follows: plaintiffs-respondents, the Fraziers, sold

certain real property to the defendants-appellants, Neilsen & Company. The buyers gave sellers a promissory note secured by a deed of trust of the property. Buyers defaulted on the note, and the sellers, instead of exercising the power of sale under their deed of trust, elected to file suit for a money judgment on the note. Count I sought recovery of a money judgment on the note without first foreclosing on the security property. Count II sought judicial foreclosure of the deed of trust and entry of a deficiency judgment. The complaint made clear that the preferred form of relief was a money judgment for the full amount due under the promissory note. The district court granted sellers' motion for summary judgment for the amount due on the promissory note. The trial court did not determine the fair market value of the real property· or take into account such value in computing the amount of the judgment.

Buyers appeal, arguing that sellers were required to foreclose upon the real property before seeking judgment against buyers personally.

Idaho's so-called single action statute, I.C. § 6–101, provides in pertinent part: "There can be one action for the recovery of any debt, or the enforcement of any rights secured by mortgage upon real estate which action must be in accordance with the provisions of this chapter." The amount of any deficiency judgment is also restricted by statute:

> **6–108. Deficiency Judgments— Amount Restricted.**—No court in the state of Idaho shall have jurisdiction to enter a deficiency judgment in any case involving a foreclosure of a mortgage on real property in any amount greater than the difference between the mortgage indebtedness, as determined by the decree, plus costs of foreclosure and sale, and the reasonable value of the mortgaged property, to be determined by the court in the decree upon the taking of evidence of such value.

A long and unbroken line of Idaho cases has construed the single action statute as prohibiting a mortgagee from maintaining an action at law without first foreclosing on the security, unless of course, the security has become worthless. *See, e.g., Barnes v. Buffalo Pitts Co.,* 6 Idaho 519, 57 P. 267 (1899); *Berry v. Scott,* 43 Idaho 789, 255 P. 305 (1927); *Eastern Idaho Production Credit Assoc. v. Placerton, Inc.,* 100 Idaho 863, 606 P.2d 967 (1980).

The policy behind the single-action statute was explained in *Jeppesen v. Rexburg State Bank,* 57 Idaho 94, 99, 62 P.2d 1369, 1371 (1936):

> When a debtor gives a mortgage to secure his debt, he gives his creditor a lien on his property and thereby authorizes him, at maturity of the debt, to proceed *in rem* against the property for the amount of the debt. This necessarily impairs the debtor's credit to that extent; and it was the evident intention of the legislature, by enacting sec. 9–101 [the predecessor of I.C. § 6–101], to require . the creditor to proceed for collection of the debt (if not paid in due course) against the property, and to exhaust the security before being allowed to acquire any personal judgment against the debtor. (*Clark v. Paddock,* 24 Ida. 142, at 152, 132 Pac. 795, 46 L.R.A., N.S., 475.) In other words, it was intended not to allow the creditor to hold an incumbrance on his debtor's property, and at the same time proceed against him for a personal judgment, either with or without attachment (sec. 6–502, subd. 1, I.C.A.), for to allow the creditor to do so might, in any case, result in impairing the debtor's credit in at least double the amount of his debt; that is, both *in rem* and *in personam.* This statute avoids a multiplicity of suits against the same debtor.

■ Although by its terms section 6–101 applies only to "right[s] secured by mortgage[s]," appellants argue that the statute should be construed to apply to deeds of trust as well. They reason that since a deed of trust is the functional equivalent of a mortgage, it follows that the procedure for judicial foreclosure of the two instruments should be the same. At the end of the last century, this Court refused to enforce a power of sale clause, holding that an instrument termed as a deed of trust

must be treated as a mortgage under the then-existing statutes. *Brown v. Bryan,* 6 Idaho 1, 9–21, 51 P. 995, 997–1002 (1898). And California's Supreme Court in a landmark decision has construed its single-action statute, which is the model for Idaho's, as applying to deeds of trust. *Bank of Italy National Trust & Savings Assoc. v. Bentley,* 217 Cal. 644, 20 P.2d 940 (1933), *cert. denied,* 290 U.S. 659, 54 S.Ct. 74, 78 L.Ed. 571 (1933). Other states with similar statutes have followed California. *See McMillan v. United Mortgage Co.,* 82 Nev. 117, 412 P.2d 604 (1966); and *Utah Mortgage and Loan Co. v. Black,* 618 P.2d 43 (Utah 1980). Nevertheless, after examining the present day Idaho legislative scheme *in pari materia,* we are compelled to hold that Idaho's single-action statute, I.C. § 6–101, does not apply to deeds of trust.

The case of *Brown v. Bryan,* is distinguishable. The then-existing legislative enactments did not include the Idaho Trust Deeds Act, I.C. §§ 45–1502 *et seq.* This act sets forth in detail the procedures which must be followed in foreclosures of deeds of trust, and effectively overruled *Brown v. Bryan.* When the legislature first enacted these laws in 1957, and in its subsequent amendments, it made the act applicable only to deeds of trust. Because the legislature has created a separate scheme for deeds of trust, the rationale for *Brown v. Bryan,* that mortgages and deeds of trust are functional equivalents, is undercut. The legislature obviously intended separate treatment; therefore, they are not functionally the same.

A mortgage and a deed of trust are also separately defined. *Compare* I.C. § 45–901 with I.C. § 45–1502(3). Further, in I.C. § 45–1502(5), the use of deeds of trust is limited *inter alia* to real property not exceeding twenty acres. If the legisla-

ture intended deeds of trust to operate as mortgages under I.C. §§ 6–101 *et seq.,* then the bulk of the Trust Deeds Act, and in particular I.C. §§ 45–1502(3) and (5), are mere verbiage without meaning.

Appellants urge that I.C. § 45–1503 [1] provides only two remedies upon default where the obligation is secured by a deed of trust: the exercise of power of sale and foreclosure. We disagree. The section, which is quoted in full in the footnote below, "may be foreclosed by advertisement and sale ... or, at the option of beneficiary, by foreclosure as provided by law for the foreclosure of mortgages on real property." *Id.* If the statute was intended to provide exclusive remedies, it would have used mandatory "shall" language, rather than the permissive "may."

Given that deeds of trust may only be used where the real property is not in excess of twenty acres, etc., and given the legislature's clear intention to treat deeds of trust and mortgages as separate and distinct instruments, we decline appellants' invitation to expand the scope of I.C. § 6–101.

The mortgage foreclosure statutes, I.C. § 6–101 *et seq.,* are distinct from I.C. § 45–1502 *et seq.* Of particular interest to the case at hand is:

**45–1505. Foreclosure of trust deed, when.**—The trustee may foreclose a trust deed by advertisement and sale under this act if:

(1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated; and

(2) There is a default by the grantor or other person owing an obligation the per-

---

1. **45–1503. Transfers in trust to secure obligation—Foreclosure.**—Transfers in trust of any estate in real property as defined in section 45–1502(5) may hereafter be made to secure the performance of an obligation of the grantor or any other person named in the deed to a beneficiary. Where any transfer in trust of any estate in real property is hereafter made to secure the performance of such an obligation, a power of

sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which such transfer is security, and a deed of trust executed in conformity with this act may be foreclosed by advertisement and sale in the manner hereinafter provided, or, at the option of beneficiary, by foreclosure as provided by law for the foreclosure of mortgages on real property.

formance of which is secured by the trust deed or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and

(3) The trustee or beneficiary shall have filed for record in the office of the recorder in each county wherein the trust property, or some part or parcel, is situated, a notice of default identifying the deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded, or a description of the trust property, and containing a statement that a breach of the obligation for which the transfer in trust is security has occurred, and setting forth the nature of such breach and his election to sell or cause to be sold such property to satisfy such obligation; and a copy of such notice by registered or certified mail to any person requesting such notice of record a hereinafter provided.

(4) No action, suit or proceeding has been instituted to recover the debt then remaining secured by the trust deed, or any part thereof, or if such action or proceeding has been instituted, the action or proceeding has been dismissed.

An action to recover the debt without resorting to foreclosure of the deed of trust was contemplated by the legislature, but there is the caveat that statutory foreclosure is not permitted if there is an action then pending to recover the debt. This language does not permit a notice of sale foreclosure of the trust deed as security and simultaneously recovery of the debt by judicial action.

▄▄▄ By enacting the trust deed legislation the legislature created a method outside of the judiciary for the foreclosure of debt security. Foreclosure of trust deeds is by advertisement and sale. However, in I.C. § 45–1505(4) it is provided that the summary foreclosure procedure cannot be utilized if the judicial process is being used to recover the debt. Such language does not prohibit the collection of a debt without foreclosure of the trust deed, but does prohibit foreclosure if there is an action on the debt pending. Subsection (4) of I.C. § 45–1505 anticipates an action for the debt without recourse to the security. Pursuing the dual course of two remedies, one statutory and one judicial, is clearly prohibited. In the trust deed statute, I.C. § 45–1505(4) the legislature contemplated a suit on the debt independent of the foreclosure provisions. Only one action is contemplated and the creditor may seek judicial recovery on the debt or may statutorily foreclose the security. If the creditor files suit to recover on the debt without first foreclosing on the security as provided by statute, the security, as a matter of law, is waived at the time the action on the debt is filed. However, I.C. § 45–1505(4) provides that if the suit upon the debt is dismissed, foreclosure may again be made of the trust deed. If, during the suit on the debt, the property covered by the trust deed has been conveyed or encumbered by the debtor, any revival of the security of the trust deed upon dismissal of the suit on the debt as provided in I.C. § 45–1505(4) shall be subject to any such conveyance or encumbrance.

By pursuing dual remedies, the statute precludes the plaintiffs from prevailing upon their complaint which asked for judgment upon the debt and judgment to foreclose the deed of trust. The judgment is reversed and the case is remanded to the trial court to proceed in accordance with the views expressed herein.

Costs to appellants.

No attorney fees on appeal.

BAKES and HUNTLEY, JJ., concur.

SHEPARD, C.J., concurs in the result.

BISTLINE, Justice, dissenting.

Thirty-one years ago the Idaho legislature enacted into law a new Chapter 15 to Title 45, which title has long been captioned: LIENS, MORTGAGES AND PLEDGES. That new chapter to Title 45 is captioned: TRUST DEEDS. The 1957 legislators had the foresight to embody therein their Declaration of Policy, which was to bolster Idaho's economic growth:

WHEREAS the availability of more adequate financing for home construction and business expansion is essential to the development to the State of Idaho, and Whereas such financing for real estate of not more than three acres is more available with little or no equity in the borrower and on amortization terms over a long period of years and by the use of deeds of trust as herein provided;

Now Therefore, the use of deeds of trust of estates and real property of not more than three acres as hereinafter provided is hereby declared to be the public policy of the State of Idaho.

1957 *Session Laws*, Chapter 181, § 1, page 345. The *1967* legislature saw fit to expand the use of trust deeds. Accordingly it deleted the prior restriction of trust deeds being applicable only where the real property was not more than three acres. In its place the expansion allowed trust deeds to be utilized in secured transactions involving any real property not exceeding 20 acres more or less, regardless of location. For over 31 years the Trust Deed Act has been accepted, understood, and utilized. I.C. § 45–1502(5). Statistics, if available, would undoubtedly show trust deeds being considerably more in vogue than mortgages where promissory notes are secured by written liens on real property.

All of the trust deed legislation has been brought about at the hands of knowledgeable legislators who were ably aided by specialists versed in the field of secured transactions. They were aware that one of the problems holding back Idaho's economy was the lack of legislation authoring the use of trust deeds. Under mortgage procedures, foreclosure was time-consuming, and worse, in the minds of the lenders of money or financing of on-time sales of real property, was the further delay occasioned by the statutory right of redemption which attended all real property mortgages. So came the trust deed chapter into existence. In a terse summary memorandum decision the district court, at the urging of the respondents (Fraziers), has vitiated that legislation. We are asked to review the validity of that decision. At one time it was feared that this Court would affirm it. Fortunately that decision has been put off to a future day. Better yet, however, the district court may be brought to see the error of its reasoning, which is more than can be said of this Court.

The issue presented in this case is whether the holders of a promissory note secured by a deed of trust encumbering a specific described parcel of Idaho real property may waive the security which they had initially required from the borrower and sue for and obtain a money judgment for the amount due on the note. Their contention in district court, and which convinced the district court, was that they need not foreclose the trust deed by either of the two procedures set out in the trust deed act.

Appellants point to the obvious, i.e., I.C. § 45–1503,[1] under which provision but two statutory *remedies* are provided in the act itself and which have been faithfully recognized as the only remedies, i.e., (1) advertisement and trustee's sale; and (2) judicial foreclosure as provided by law for foreclosures of real property mortgages. Another course of action for the holder of a secured note could be to do nothing and let the Statute of Limitations run its course— hardly a *remedy*. So, there are under the Act but two provisions. It has been thus since the Trust Deeds Act was enacted.

The facts may be summarized as follows: Defendants–appellants, Neilsen & Company, executed a promissory note to plain-

---

1. **45–1503. Transfers in trust to secure obligation—Foreclosure.**—Transfers in trust of any estate in real property as defined in section 45–1502(5) may hereafter be made to secure the performance of an obligation of the grantor or any other person named in the deed to a beneficiary. Where any transfer in trust of any estate in real property is hereafter made to secure the performance of such an obligation, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which such transfer is security, and A DEED OF TRUST EXECUTED IN CONFORMITY WITH THIS ACT MAY BE FORECLOSED BY ADVERTISEMENT AND SALE IN THE MANNER HEREINAFTER PROVIDED, **OR, AT THE OPTION OF BENEFICIARY, BY FORECLOSURE AS PROVIDED BY LAW FOR THE FORECLOSURE OF MORTGAGES ON REAL PROPERTY.** (Emphasis added.)

tiffs-respondents, the Fraziers, secured by a deed of trust on certain real property. The deed of trust named Title Fact, Inc., as trustee and the Fraziers as beneficiaries. Neilsen & Company defaulted on the note, and the Fraziers, instead of exercising the power of sale under their deed of trust, or the alternate remedy of foreclosure as a mortgage, purported to declare themselves entitled to a third remedy. Initially it is to be noted that Fraziers have not joined Title Fact, Inc. as a party defendant.

Count I of the Complaint sought recovery of a money judgment for the amount due on the note without first foreclosing on the security given for the note, i.e., the trust deed. If turned away on that contention, Count II sought judicial foreclosure of the deed of trust as a mortgage and thereafter entry of a deficiency judgment. The complaint made clear that the preferred form of relief was a money judgment for the full amount due under the promissory note. The district court granted the Fraziers' motion for summary judgment for the amount due on the promissory note. The trial court did not determine the fair market value of the real property as would have been required had that court relegated the Fraziers to the judicial remedy provided by the Trust Deed Act.

Idaho's so-called single action statute, I.C. § 6–101, provides in pertinent part: "There can be one action for the recovery of any debt, or the enforcement of any rights secured by mortgage upon real estate which action must be in accordance with the provisions of this chapter." The amount of any deficiency judgment is also restricted by statute:

**6–108. Deficiency Judgments— Amount Restricted.—**

No court in the state of Idaho shall have jurisdiction enter a deficiency judgment in any case involving a foreclosure of a mortgage on real property in any amount greater than the difference between the mortgage indebtedness, as determined by the decree, plus costs of foreclosure and sale, and the reasonable value of the mortgaged property, to be determined by the court in the decree

upon the taking of evidence of such value.

A long and unbroken line of Idaho cases has construed the single action statute as prohibiting a mortgagee from maintaining an action at law without first foreclosing on the security, unless of course the security has become worthless. *See, e.g., Barnes v. Buffalo Pitts Co.*, 6 Idaho 519, 57 P. 267 (1899); *Berry v. Scott*, 43 Idaho 789, 255 P. 305 (1927); *Eastern Idaho Production Credit Assoc. v. Placerton, Inc.*, 100 Idaho 863, 606 P.2d 967 (1980).

The policy behind the single-action statute was explained in *Jeppesen v. Rexburg State Bank*, 57 Idaho 94, 99, 62 P.2d 1369, 1371 (1936):

When a debtor gives a mortgage to secure his debt, he gives his creditor a lien on his property and thereby authorizes him, at maturity of the debt, to proceed *in rem* against the property for the amount of the debt. This necessarily impairs the debtor's credit to that extent; and it was the evident intention of the legislature, by enacting sec. 9–101 [the predecessor of I.C. § 6–101], to require the creditor to proceed for collection of the debt (if not paid in due course) against the property, and to exhaust the security before being allowed to acquire any personal judgment against the debtor. (*Clark v. Paddock*, 24 Id. 142, at 152, 132 Pac. 795, 46 L.R.A., N.S., 475.) In other words, *it was intended not to allow the creditor to hold an incumbrance on his debtor's property, and at the same time proceed against him for a personal judgment*, either with or without attachment (sec. 6–502, subd. 1, I.C.A.), for to allow the creditor to do so might, in any case, result in impairing the debtor's credit in at least double the amount of his debt; that is, both *in rem* and *in personam*. This statute avoids the multiplicity of suits against the same debtor.

Although by its terms § 6–101 applies only to "right[s] secured by mortgage[s]," appellants argue that the Trust Deed Act provides § 6–101 is to apply to deeds of trust as well, where judicial foreclosure is sought. They also reason that since a deed

of trust is the functional equivalent of a mortgage, it follows that the procedure for judicial foreclosure of the two instruments should be the same, even had the Trust Deed Act been silent. As a matter of history, at the end of the last century, this Court refused to enforce a power of sale clause, holding that an instrument termed as a deed of trust had to be treated as a mortgage under the then-existing statutes. *Brown v. Bryan*, 6 Idaho 1, 9–21, 51 P. 995, 997–1002 (1898). California's Supreme Court in a landmark decision construed its single-action statute, which is the model for Idaho's, as applying to deeds of trust. *Bank of Italy National Trust & Savings Assoc. v. Bentley*, 217 Cal. 644, 20 P.2d 940 (1933), *cert. denied*, 290 U.S. 659, 54 S.Ct. 74, 78 L.Ed. 571 (1933). Other states with similar statutes have followed California. *See McMillan v. United Mortgage Co.*, 82 Nev. 117, 412 P.2d 604 (1966); and *Utah Mortgage and Loan Co. v. Black*, 618 P.2d 43 (Utah 1980). Similarly, *after examining the present day Idaho Trust Deed Act* and sound policy considerations, any reasoning legal mind is readily brought to the holding that Idaho's single-action statute, I.C. § 6–101, does indeed apply to deeds of trust, which includes the underlying obligation for which the trust deed has been given *and accepted* as security.

The trial court's decision was based entirely on an easily discerned *misreading* of I.C. § 45–1505(4), wherein the court indulged the Frazier views. The trial court rationalized thusly:

> I.C. Sec. 45–1505(4) does contemplate a separate action on a promissory note without foreclosing the trust deed. In pertinent part, it provides as follows:
>
> > The trustee may foreclose a trust deed by advertisement and sale under this act if: ... (4) no action, suit or proceeding has been instituted to recover the debt then remaining secured by the trust deed or any part thereof or if such action or proceeding has been instituted the action or proceeding has been dismissed.
>
> The court agrees with the plaintiffs that if the legislature had intended the one action rule to apply to trust deeds, then I.C. Sec. 45–1505(4) would be superfluous and have no purpose.

R. at 53. Clearly the legislature provided but two alternative remedies, not three. When it comes to providing alternative options ordinary people's language can be used to write or say that XYZ may do this *or* he may do that. Persons of ordinary common sense will understand that they must select one or the other. Recently the Court considered another case where option language was used.[2] The statute involved was I.C. § 31–3402, the first sentence of which gave two options to the counties in regard to providing medical attention to indigent and sick persons, *i.e.*, to employ a physician (county doctor) or contract out such medical attention with a doctor or group of doctors.[3] When only two options or alternatives are provided by a statute it defies common sense to read in to it a third, or a fourth or a fifth. The Court did not do so in the *Saxton* case. By no heretofore known legal legerdemain can a simple action on a promissory note be said to be a foreclosure.

In order to ascertain the validity of the lower court's reasoning it is only necessary to turn again to § 45–1503. Two methods of foreclosing a trust deed are provided:

(a) Foreclosure by advertisement and sale.

(b) Foreclosure as provided by law for the foreclosure of real property mortgages.

---

2. *Saxton v. Gem County Board of Commissioners*, 113 Idaho 929, 750 P.2d 950 (1988).

3. **31–3402. Employment of physician.**—The board *may* employ a physician to attend, when necessary, the patients of the county hospital, provided, however, that the board of county commissioners *may* enter into contracts with groups of licensed physicians for medical attendance upon patients of the county hospital or other persons receiving medial attendance at county expense.

The Court declined to agree with the contention of Gem County and the Catastrophic Health Care Costs Program of the Idaho counties that the use of "may" twice left it optional to the county to do neither.

The district court's reliance on its miscomprehension of I.C. § 45–1505(4) was misguided. That court should have observed that all that § 45–1505(4) does is to eliminate the possibility of the debtor being proceeded against as on a mortgage, and, while that action is pending, at the same time commence foreclosure by advertisement and sale. In very clear language the statute requires as a condition of foreclosure by advertisement and sale that there must be no pending suit under the other option—foreclosure as a mortgage. But, if the beneficiary has instituted such an action, he *can* dismiss it and *then* proceed to the summary foreclosure of advertisement and sale.

For, lo!, these many years no one seemed to have any problem with the portion of I.C. § 45–1503 providing for foreclosure of a trust deed by advertisement and sale, as further developed in § 45–1506. There seems to have been, however, total inattention in proceedings below as to what happens after such foreclosure. Section 45–1512 provides for seeking collection of "the balance due upon the obligation for which such deed of trust was given as security." This procedure involves the filing of a complaint in district court which must set out:

(a) The entire amount of indebtedness which was secured by the trust deed.

(b) The amount for which the property was sold.

(c) The fair market value of the property on the date of sale, together with interest from date of sale, costs of sale, and attorney fees.

Then, still reading in I.C. § 45–1512 come two concluding sentences which clearly evidence the legislative intent that there be just as much fair dealing in this post-sale procedure as is required in mortgage foreclosures and deficiency judgments. The two sentences are:

Before rendering judgement the court shall find the fair market value of the real property sold at the time of sale. *The court may not render judgment for more than the amount by which the entire amount of indebtedness due at the time of sale exceeds the fair market value at that time,* with interest from date of sale, but in no event may the judgment exceed the difference between the amount for which such property was sold and the entire amount of the indebtedness secured by the deed of trust.

It is self-evident what the legislature had well in mind providing the same safeguards in writing the TRUST DEED ACT as already were in place with regard to real property mortgages.

Turning one last time to I.C. § 45–1503, in particular, note is to be taken of the language which gives the beneficiary the option of foreclosing *"as provided by law for the foreclosure of mortgages on real property."* If that language does not direct that the statutory law governing foreclosures on real property mortgages applies and must be followed—what does it mean?

The judgment of the district court should be reversed with all costs to appellants. On remand the district court should award the appellants such costs and attorney fees as have been heretofore expended by them in district court and in this Court in turning aside the respondents' innovative but misguided effort. *See Everett v. Trunnell,* 105 Idaho 787, 673 P.2d 387 (1983).

Preferring to waste no more time on this ludicrous affair than was necessary to demonstrate the obvious thesis of a mercifully succinct incorrect appellate opinion, I pause only long enough to lay low the majority's remarkable statement that, "If the statute was intended to provide exclusive remedies, it would have used mandatory 'shall' language, rather than the permissive 'may'." I would have thought that the experience of the *Saxton* case should have been sufficient enlightenment to those jurists who are in the majority. Obviously not so. The holder of a promissory note which is in default is not required to take any action. No law can command that he do anything. If the note is that of a relative or dear friend, the holder of the note is at liberty to indulge the delinquency. If he indulges beyond the five year time limitation for suing on a promissory note, he may lose the right to bring a judicial action of fore-

closure. But, even then, his lien is still good, and his debtor cannot quiet title as against it. I surmise, however, that legislative statutes of limitations have no application whatever to non-judicial proceedings such as a trustee's foreclosure by advertisement and sale.

All that need be kept in mind is that an option to timely sue in district court "by foreclosure as provided by law for the foreclosure of mortgages on real property," (I.C. § 45–1503) or, alternatively, by advertisement and sale, cannot be reasonably read as other than the creation of two available remedies, *i.e.,* this one, or ·that one. To hold, as does the majority, that had the legislature used the word "shall" would produce a result different from use of the word "may" is untenable. "Shall" would simply be understood as allowing the holder of the delinquent note to proceed under remedy (a), or proceed under remedy (b), but not both. In either case the holder would select one of the two remedies provided in the act. There are no others.

The majority opinion is equally way off base in failing to observe how its manufactured third remedy impairs the contract which was entered into.[4] The note and trust deed did not simply spring into existence. The Fraziers did not part with their money gratuitously, but as their part of a bargain by which they exacted from the defendants an interest-bearing promissory note.

Not just a note and a handshake, but rather a secured note. Not just any security, but specifically Blackacre. The defendants were willing to borrow against Blackacre, but not so with Greenacre, Whiteacre, and Orangeacre. These other three tracts the borrowers presumably desired to keep free of any lien. And what about the Fraziers? As a result of the bargaining process, if any, and if none, all the same, they agreed to hold and did hold as security for the note a deed of trust to Blackacre, naming them as beneficiaries. Not only that, but more. Surely they exacted from the

defendants not only the trust deed in question, but a policy of title insurance which guaranteed the title of their security. Anyone knows that this policy was purchased at a considerable cost to defendants. Any cost paid enuring to the benefit of the Fraziers is what we in the legal profession call CONSIDERATION—in this case additional consideration. Thus, many existing legally enforceable contracts will be invalidated by today's decision; borrowers and buyers can be denied, in the event of default, the substantial benefit of their transaction.

One may optimistically hope for legislative relief from the legislature now in session. There are a number of real estate professionals in our legislature. It is likely that one or more of them may introduce legislation specifically overruling today's *Frazier v. Neilsen* majority. There exists solid precedent for such legislative action in I.C. § 61–502A wherein our legislature overruled *Utah Power & Light v. IPUC,* mentioning the case by name in the statement of legislative intent.

### ADDENDUM

Although rehearing was not granted, the petitioner's supporting brief accomplished more than did my efforts at trying to turn a headstrong majority with the bit firmly clinched in the teeth. The brief makes these salient points:

> The court's decision in this case leaves the law of real property in Idaho in disarray. Not only have debtors and creditors been placed in a position of uncertainty regarding their rights and obligations, but an avenue has been opened whereby creditors may obtain an unjust windfall at the expense of debtors. Neilsen respectfully urges that the court should reexamine the rationale for its decision and should rectify its holding if it is found to be incorrect.

4. Art. 1, § 10 of the United States Constitution precludes the state of Idaho from making any law which is an impairment of an existing contract. In recognition thereof, art. 1, § 16 of the

Idaho Constitution prohibits any law which impairs the obligation of contract. Idaho case law has declared that existing and applicable statutory law becomes inherent in any contract.

The holding of this case, as matters now stand, is that the holder of a deed of trust may sue for money judgment without first exhausting the security by judicial foreclosure or exercise of the power of sale. This holding is inconsistent with the language of the Idaho Trust Deeds Act, Title 45, Chapter 15, Idaho Code. The Act gives the holder of a deed of trust two options:

[A] deed of trust executed in conformity with this act may be foreclosed by advertisement and sale in the manner hereinafter provided, or, at the option of the beneficiary, by foreclosure as provided by law for the foreclosure of mortgages on real property.

I.C. 45–1503.

By its decision, the court judicially engrafts upon the statute a third option; namely, the option to sue on the note. The problem with creating this third option is that it permits a creditor to accomplish indirectly what the Act directly prohibits. It is clear that under the Trust Deeds Act a creditor may not first sell the property, either judicially or nonjudicially, and then obtain money judgment for more than the difference between the amount of the debt and the value of the property. A double recovery of this nature is expressly prohibited by I.C. 45–1512. However, under the decision in this case as it now stands creditors will henceforth be able to avoid the prohibition of that statute and obtain double recoveries simply by reversing the order of the remedies. Instead of first selling the real property and then obtaining a judgment for the balance, a creditor can obtain a judgment and then sell the property. There is no restriction on the sale and no requirement that the value of the property be applied to the debt. By bidding an unreasonably low amount at execution sale, the creditor can obtain a windfall.

For illustration, let us examine the facts of the case at bar. The creditor in this case is owed approximately $150,000, which is secured by a deed of trust on real property which the creditor claims is worth $80,000. The debtor contends that the property is worth much more, but for the sake of argument the creditor's contentions will be accepted. If the creditor were to foreclose on the property, either judicially or by exercise of the power of sale, he would be required to credit the value of the property against the debt, leaving a balance owing of $70,000. He could then obtain a deficiency judgment for $70,000, which could be satisfied from other assets of the debtor. On the other hand, utilizing the method now sanctioned by the court, the creditor could first sue for and obtain a money judgment for the full amount of $150,000. He could then cause a writ of execution to be issued and could levy upon and sell the real property covered by the deed of trust. At the sheriff's sale, the creditor could purchase the property for a relatively nominal amount, say $10,000. Applying this amount against his judgment, that creditor would still have a judgment for $140,000, which he could satisfy from other assets of the debtor.

In the first hypothetical, the creditor would receive assets worth $150,000, an amount equal to the debt. Under the second hypothetical and simply by inverting the procedure, the creditor would receive assets worth $220,000. But why should there be a difference? The reality of the situation in each case is that the encumbered real property is sold and other assets are then seized to satisfy the debt. What logical reason can be advanced for permitting a creditor to recover a far larger amount merely by inverting the procedure? Why should the creditor be entitled to recover more if he sues first and then sells the property, as opposed to selling the property and then suing?

The injustice of the result which has been reached is further demonstrated by the fact that the debtor is helpless to minimize or eliminate his damages. He cannot require the creditor to foreclose against the encumbered real property, nor can he sell it to a third party. A creditor intent upon gaining a windfall may simultaneously retrain his deed of

trust against the property while suing for a money judgment. Because of the encumbrance on the property, the debtor is unable to sell the property to the third parties and apply the proceeds to the debt. In the case at bar, if the creditor were at least required to release his deed of trust, the debtor could market the property and use the proceeds of any sale to reduce his liability. However, it would be impossible for the owner of property worth $80,000 to sell it if the holder of a deed of trust securing a debt of $150,000 refused to release the encumbrance.

In enacting the Trust Deeds Act, the Idaho Legislature included a safeguard which was designed to prevent a creditor from taking unfair advantage of a debtor in the manner described above. Idaho Code § 45–1513 precludes the entry of a money judgment in excess of the difference between the amount of the debt and the fair market value of the encumbered property. In its decision, the court entirely failed to consider the effect of that statute or to discuss its application. Section 45–1512 provides in pertinent part that:

> The court may *not* render judgment for more than the amount by which the entire amount of indebtedness due at the time of sale exceeds the fair market value at that time, with interest from date of sale, but *in no event* may the judgment exceed the difference between the amount for which such property was sold and the entire amount of the indebtedness secured by the deed of trust. (Emphasis added.)

No logical reason suggests itself why Section 45–1512 should apply where the property is sold before money judgment is entered and should not apply where entry of judgment precedes the sale. In effect, the prohibition of I.C. § 45–1512 has been subverted. The creditor can sidestep the prohibition of the statute simply by selecting a different procedure. Surely, this is an anomalous result.

The policy of Idaho law is or should be to prevent a creditor from doubly impairing his debtor's credit by holding an encumbrance against the debtor's property and at the same time proceeding against him for a personal judgment. *See Jeppesen v. Rexburg State Bank,* 57 Idaho 94, 62 P.2d 1369 (1936). That policy is destroyed by the holding of the case at bar. The plain and specific language of the Trust Deeds Act should be given effect. Under the Act the creditor may liquidate the collateral by exercising the power of sale, or he may foreclose his deed of trust judicially in the same manner as a mortgage. Under either alternative, he should be required to credit the fair market value of the property against the debt and should have money judgment only for the difference.

The appellant's efforts have produced a modification of the majority opinion, albeit that the majority continues tinkering with the legislature's statutes. The majority opinion stays as it was first issued through Slip Opinion p. 6, and a new page 7 has been added.[5]

The majority on the revised Slip Opinion page 7, continues its bent on allowing Court action on the debt independent of the security. The slight modification it has made does not respond to the appellant's concerns, nor to mine earlier expressed. Somehow the members comprising the majority with magnificent hindsight are able to perceive that "the legislature contemplated a suit on the debt independent of the foreclosure provisions." This remarkable judicial modification is accomplished without one citation of authority from anywhere, nor is it founded on any claimed need which it can defend by logical explanation. No other court of the fifty states having similar trust deed statutes has been so devilishly innovative.

Although the majority cites no authority for its novel and unprecedented decision, I have, in vain, attempted to find some sup-

---

5. Page 7 of the original 1988 opinion is appended hereto so interested readers can observe con-

tinuity in the metamorphosis process.

port for it in other jurisdictions with the help of computer aided research. To my knowledge, all states that have addressed the issue uniformly conclude that the holders of a promissory note secured by a deed of trust may NOT waive the security initially required from the borrower and instead obtain a money judgment for the amount due on the note. *See, Utah Mortgage and Loan v. Black*, 618 P.2d 43 (Utah 1980); *Keever v. Nicholas Beers Company*, 96 Nev. 509, 611 P.2d 1079 (1980); *Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 250 S.E.2d 271 (1979); *Bank of Italy National Trust & Savings Assoc. v. Bentley*, 217 Cal. 644, 20 P.2d 940 (1933), *cert. denied*, 290 U.S. 659, 54 S.Ct. 74, 78 L.Ed. 571 (1933).

Just last month the Supreme Court of Arizona addressed the question of whether the beneficiary of a deed of trust was "allowed to waive the security and sue on the promissory note." *Baker v. Gardner*, 160 Ariz. 98, 102, 770 P.2d 766, 770 (1988). The court, typical of all tribunals that have encountered the question, answered thusly: "The holder of the note and security device may not, by waiving the security and bringing an action on the note, hold the maker liable for the entire unpaid balance." 160 Ariz. at 104, 770 P.2d at 772.

On more than one occasion I have argued that sound jurisprudence is not offended merely because the newly adopted rule rejects a view held by a majority of courts. When a minority view is adopted, however, it is incumbent upon the court to clearly explain its reasons for so doing. Thus, I respectfully dissent because the majority opinion: (1) undermines the legislative intent of the trust deed statutes; (2) unknowingly rejects the unanimous thunder of sister states; and (3) provides no sound rationale for its holding. Luckily, under Idaho's tripartite system of government, our legislative body has the prerogative to mend the wound rendered today on our bleeding deed of trust act.

### APPENDIX A

However, in I.C. § 45–1505(4) it is provided that the summary foreclosure procedure cannot be utilized if the judicial process is being used to recover the debt. Such language does not prohibit the collection of a debt without foreclosure of the trust deed, but does prohibit foreclosure if there is an action on the debt pending. Subsection (4) of I.C. § 45–1505 anticipates an action for the debt without recourse to the security. Pursuing the dual course of two remedies, one statutory and one judicial, is clearly prohibited. In the trust deed statute, I.C. § 45–1505(4) the legislature contemplated a suit on the debt independent of the foreclosure provisions. Only one action is contemplated and the creditor may seek judicial recovery on the debt or may statutorily foreclose the security.

By pursuing dual remedies the plaintiffs cannot be permitted to prevail upon their complaint. The judgment is reversed and the case is remanded to the trial court to proceed in accordance with the views expressed herein.

Costs to appellants.

No attorney fees on appeal.

SHEPARD, C.J., and BAKES and HUNTLEY, JJ., concur.