772 P.2d 267

**Collin J. TANNER and Norma L. Tanner, husband and wife, Plaintiffs–Respondents,**

v.

**Hugh H. SHEARMIRE and Patricia R. Shearmire, husband and wife, Defendants–Appellants.**

No. 17442.

Court of Appeals of Idaho.

April 11, 1989.

Jon N. Wyman, Wyman & Wyman, Boise, for defendants-appellants.

Bradley B. Poole, Boise, for plaintiffs-respondents.

WINMILL, Judge Pro Tem.

The focal issue presented in this appeal is whether the holders of a promissory note secured by a deed of trust, who sue for a money judgment on the note, are nevertheless subject to the statutory limitations applicable to a deficiency action following foreclosure. In a recent opinion, *Frazier v. Neilsen & Company*, 115 Idaho 739, 769 P.2d 1111 (1989), the Idaho Supreme Court held that a creditor may sue on a note independent of any foreclosure proceedings. Consistent with *Frazier*, we affirm the decision of the district court in this case, granting the respondents judgment on the note.

The essential facts are as follows. In November, 1980, Hugh and Patricia Shearmire purchased a house, located in Boise, from Collin and Norma Tanner. To pay for the property, the Shearmires gave the Tanners a $20,000 down payment, assumed payment on the Tanners' promissory note secured by a deed of trust with First Security Bank, and executed a promissory note payable to the Tanners and secured by a second deed of trust on the property. Payment on the note was made through an escrow agent, Pioneer Title. Shortly after the sale, the Tanners moved to Arizona and then to Utah.

In January, 1985, the Shearmires defaulted on the note held by First Security Bank. Foreclosure proceedings were initiated by the bank, and the property was sold to a third party in June, 1985. The Tanners were not aware of the foreclosure sale because they did not receive a notice of the sale at their residence in Utah, and because the Shearmires had continued to make payments on the second note up until the time of the sale. When the July payment was late, the Tanners contacted the Shearmires and learned, for the first time, that the house had been sold at the June foreclosure sale.

First Security Bank satisfied its note from the sale proceeds and paid the excess funds to the Tanners. The Tanners then initiated this action, seeking to recover the balance due on their note.

Following a non-jury trial, the district court held that the Tanners were unsecured creditors who could collect on the unpaid balance of their note. In doing so, the court determined that Idaho's "single-action" rule, I.C. § 6–101, did not bar the Tanners from suing on the unpaid balance of their note because, prior to their suit, the property held as security had become valueless—for the purposes of the note and the deed of trust—due to the foreclosure sale. *See Rein v. Callaway*, 7 Idaho 634, 65 P. 63 (1901); *Clark v. Paddock*, 24 Idaho 142, 132 P. 795 (1913).[1] The court further concluded that, although the Tanners would have been notified of the foreclosure sale had they filed a request for notice with the county recorder pursuant to I.C. § 45–1511, they were under no affirmative duty to file such a request. There-

1. The Idaho single-action rule, I.C. § 6–101, mandates that, upon default, a debt secured by a mortgage on real property must be pursued in "but one action ..." and satisfied primarily by foreclosure on the mortgage. *Gebrueder Heidemann, K.G. v. A.M.R. Corp.*, 107 Idaho 275, 688 P.2d 1180 (1984). A mortgagee is prohibited from maintaining an action for a money judgment on the mortgagor's promissory note without first foreclosing on the security. *See, e.g., Barnes v. Buffalo Pitts Co.*, 6 Idaho 519, 57 P. 267 (1899); *Eastern Idaho Production Credit Assoc. v. Placerton, Inc.*, 100 Idaho 863, 606 P.2d 967 (1980). However, if the property is rendered valueless, the mortgagee may sue on the note which is independent of the mortgage security. *Edminster v. Van Eaton*, 57 Idaho 115, 63 P.2d 154 (1936). In this case, the district court concluded that a deed of trust was to be treated like a mortgage for the purpose of applying the single-action rule. *See Brown v. Bryan*, 6 Idaho 1, 51 P. 995 (1898).

fore, the court reasoned that the Tanners' failure to attend and bid at the foreclosure sale would not permit the Shearmires to escape liability for the unpaid balance of the note. *See Utah Mortgage and Loan Co. v. Black,* 618 P.2d 43, 45 (Utah 1980). This appeal followed.

On appeal, the Shearmires raise several issues, all relating to the application of the Idaho Trust Deeds Act, I.C. §§ 45–1502, to –1515. The Shearmires first contend that, contrary to the district court's conclusion, the Tanners were precluded from suing on their note because their failure to attend the foreclosure sale resulted in the property being rendered valueless for the purpose of their note and deed of trust. *See Utah Mortgage and Loan Co. v. Black, supra.* The Shearmires submit that, had the Tanners filed a request for notice of sale with the county, they would have been informed of the foreclosure sale and could have protected their interest in the property. *See* I.C. § 45–1511. Second, the Shearmires contend that the Tanners were barred from bringing this action by the three-month statute of limitation on deficiency judgments provided for in the Trust Deeds Act. I.C. § 45–1512.[2] Finally, the Shearmires assert that the Tanners were barred from seeking a deficiency judgment because, under the Trust Deeds Act, a creditor may seek a deficiency judgment only when the amount of the entire indebtedness on the property exceeds its fair market value. *See id.; supra* n. 2. As we shall explain, we find all these arguments to be without merit.

Initially, we note that our standard for reviewing a trial court's findings and conclusions is to determine whether the findings of fact are supported by substantial, competent evidence, and to determine whether the trial court properly applied the law to the facts thus found. *Bischoff v. Quong–Watkins Properties,* 113 Idaho 826, 748 P.2d 410 (Ct.App.1987). However, when a district court has reached the correct result, albeit upon an erroneous theory, the court's judgment will be upheld by applying the correct legal theory. *Andre v. Morrow,* 106 Idaho 455, 680 P.2d 1355 (1984); *M & H Rentals, Inc. v. Sales,* 108 Idaho 567, 700 P.2d 970 (Ct.App.1985). In applying the correct legal theory to the facts thus found, we will exercise free review. *See Goodwin v. Nationwide Insurance Company,* 104 Idaho 74, 656 P.2d 135 (Ct.App.1982). As previously noted, application of the single-action rule and Trust Deeds Act to loans secured by a deed of trust is governed by the Idaho Supreme Court's recent decision in *Frazier v. Neilsen & Company, supra.* Therefore, our task on review is to determine whether the district court's judgment may be upheld by applying the rule in *Frazier* to the facts of the present case.

In *Frazier,* the Supreme Court held that a foreclosure under a statutory deed of trust is not a judicial foreclosure so the single-action rule embodied in I.C. § 6–101 is inapplicable. Consequently, the holders of a promissory note secured by a deed of trust may sue for a money judgment on the note without first exhausting their security by judicial foreclosure or by exercise of the power of sale. *Id.* 115 Idaho at 739, 769 P.2d at 1111. The Court determined that the Trust Deeds Act contemplates three alternative remedies: foreclosure by advertisement and sale, foreclosure by law, or an action on the debt, independent of any fore-

2. I.C. § 45–1512 reads:
    At any time within 3 months after any sale under a deed of trust, as hereinbefore provided, *a money judgment may be sought for the balance due upon the obligation for which such deed of trust was given as security,* and in such action the plaintiff shall set forth in his complaint the entire amount of indebtedness which was secured by such deed of trust and the amount for which the same was sold and the fair market value at the date of sale, together with interest from such date of sale, costs of sale and attorney's fees. Before ren-

dering judgment the court shall find the fair market value of the real property sold at the time of sale. *The court may not render judgment for more than the amount by which the entire amount of indebtedness due at the time of sale exceeds the fair market value at that time,* with interest from date of sale, but in no event may the judgment exceed the difference between the amount for which such property was sold and the entire amount of the indebtedness secured by the deed of trust. [Emphasis added.]

closure proceedings. *Id.* at 741–742, 769 P.2d at 1113–1114.[3]

In applying the law in *Frazier* to the facts in the present case, we conclude that the Tanners were fully entitled to sue on their note without having to resort to foreclosure proceedings. In doing so, they were within the confines of *Frazier*, pursuing but one of the remedies available to them. The option they chose—an action on the promissory note—was entirely within the statutory provisions contemplated by the legislature in the Trust Deeds Act. *See id.* at 741–742, 769 P.2d at 1113–1114.

The Tanners right to sue on their note was unaffected by the fact that they did not notify the county recorder of their interest in First Security Bank's foreclosure proceedings. Our reading of I.C. § 45–1511 indicates that a creditor has no "duty" to keep informed of a pending foreclosure action. The wording of the statute reveals that a creditor has a right, not an obligation, to be notified of a foreclosure sale. Moreover, the Tanners' failure to keep informed of foreclosure proceedings on the property did not affect their right to sue independently on their note, upon default by the Shearmires.

We are also unpersuaded by the Shearmires' assertion that the Tanners' action is barred by a three-month limitation on deficiency actions prescribed under the Trust Deeds Act. The time limit provided for in I.C. § 45–1512 applies to deficiency actions resulting from foreclosure sales. It does not apply to a creditor's action on the debt which is independent of any foreclosure proceedings. Under these circumstances, we hold that a creditor has five years in which to bring an action upon his promissory note, as provided for in I.C. § 5–216. In doing so, we note that our decision in no way extends the current limit of three months for creditors who have already obtained relief by foreclosure under the Trust Deeds Act.

Finally, we disagree that the Tanners are precluded from obtaining a judgment on their note because the total indebtedness owed by the Shearmires at the time of their default did not exceed the fair market value of the property at the time of the foreclosure sale. As we previously discussed, I.C. § 45–1512 deals with deficiency actions by a creditor whose debts have been partially satisfied by foreclosure proceedings, and does not affect a creditor's independent action to recover the indebtedness owed on the debtor's promissory note.

Based on the foregoing conclusions, we affirm the district court's judgment, awarding the Tanners the amount due on their promissory note. In doing so, we also affirm the district court's award of attorney fees and costs, pursuant to the parties' agreement contained in the promissory note. Based on this agreement, we also award attorney fees and costs on this appeal to the respondents, Tanners.

WALTERS, C.J., and McQUADE, J., pro tem., concur.

---

**3.** We note that the legislature is presently considering legislation which would effectively overrule the *Frazier* decision. H.B. 274, Centennial Leg., 1st Regular Sess. However, a trust deed is governed by the law in existence at the time of its execution, and the parties' rights thereunder are not affected by subsequent legislative enactments. *Steward v. Nelson,* 54 Idaho 437, 441, 32 P.2d 843, 845 (1934); Idaho Const. art. 1, section 16. Therefore, we conclude that *Frazier* governs our decision in the instant case.