794 P.2d 1160

Harold FRAZIER and Mary Lou Frazier, husband and wife, Plaintiffs–Respondents,

v.

NEILSEN & COMPANY, an Idaho partnership; Craig H. Neilsen; Mark Holmstead, as trustee of the Anderson Able Trust; the Anderson Able Trust; Mark Holmstead as trustee of the Anderson Baker Trust; the Anderson Baker Trust; Mark Holmstead as trustee of the Anderson Charlie Trust; the Anderson Charlie Trust; Mark Holmstead as trustee of the Anderson Cherokee Trust; the Anderson Cherokee Trust; Mark Holmstead as trustee of the Anderson Geronimo Trust; the Anderson Geronimo Trust; Mark Holmstead as trustee of the Anderson Mohawk Trust; the Anderson Mohawk Trust; Craig H. Neilsen as trustee of the Ray Neilsen Testamentary Trust; and the Ray Neilsen Testamentary Trust, Defendants–Appellants.

No. 18125.

Court of Appeals of Idaho.

July 20, 1990.

Loren C. Ipsen (argued), Moffatt, Thomas, Barrett, Rock & Fields, Boise, for defendants-appellants.

Russell G. Kvanvig (argued), Stephan, Kvanvig, Greenwood, Stone & Trainor, Twin Falls, for plaintiffs-respondents.

SWANSTROM, Judge.

Neilsen & Company appeals from the summary judgment awarding the Fraziers the money owing on a promissory note secured by a deed of trust on certain real property. Neilsen argues that an amendment to I.C. § 45–1503 by House Bill 274, passed during the 1989 legislative session, is applicable to this case and requires liquidation of the secured property before any other assets of the borrower can be reached for payment of the debt. For the following reasons, we disagree and we affirm the summary judgment.

The facts of this case are set out in detail in *Frazier v. Neilsen & Co.*, 115 Idaho 739, 769 P.2d 1111 (1989). The Fraziers sold real property to Neilsen in return for a promissory note secured by a deed of trust against the property. Neilsen defaulted on the note and Frazier filed suit for money judgment on the note without first foreclosing upon the secured property. Alternatively, Count II of Frazier's complaint sought judicial foreclosure of the deed of trust and entry of a deficiency judgment. However, it was clear from the complaint that Frazier's preferred form of relief was a money judgment for the full amount due under the promissory note. The district court granted this relief in a summary judgment.

In the first appeal, the Idaho Supreme Court held that owners of a promissory note secured by a deed of trust encumbering real property were permitted to sue for money judgment on the note without first exhausting the security by judicial foreclosure and sale. Accordingly, following remand of *Frazier v. Neilsen & Co., supra.*, the district court reentered summary judgment in favor of the Fraziers for the amount owing on the promissory note. Complying with the remand order, the district court also dismissed Count II of the complaint. This appeal followed.

The 1989 Idaho Legislature amended I.C. § 45–1503 regarding transfers in trust to secure obligation and foreclosure. Neilsen argues that this amendment required the district court on remand to find in its favor and to hold that Frazier must foreclose on the property before pursuing a money judgment based on the promissory note. Frazier contends that the amended version of I.C. § 45–1503 was accorded retroactive effect by the Legislature and applies directly to this case. The 1989 amendment added, *inter alia,* the following language:

(1) * * *

If an obligation secured by a trust deed is breached, the beneficiary may not institute a judicial action against the grantor or his successor in interest to enforce an obligation owed by the grantor or his successor in interest unless:

(a) The trust deed has been foreclosed by advertisement and sale in the manner provided in this chapter ...; or

(b) The action is one for foreclosure as provided by law for the foreclosure of mortgages on real property; or

(c) The beneficiary's interest in the property covered by the trust deed is substantially valueless as defined in subsection (2) of this section, in which case the beneficiary may bring an action against the grantor or his successor in interest to enforce the obligation owed by grantor or his successor in interest without first resorting to the security.

"Whether a statute operates retroactively or prospectively only is a question of legislative intent. I.C. § 73–101 provides 'no part of these compiled laws is retroactive, unless expressly so declared.' Thus, in Idaho, a statute is not applied retroactively unless there is 'clear legislative intent to that effect.'" *Gailey v. Jerome County,* 113 Idaho 430, 432–33, 745 P.2d 1051, 1053–54 (1987), *quoting City of Garden City v. City of Boise,* 104 Idaho 512, 515, 660 P.2d 1355, 1358 (1983). To interpret the intent of the Legislature, we must first determine whether the meaning of the amended language is clear or ambiguous. If clear, we then read the statute literally, neither adding nor taking away anything by judicial construction. However, if it is ambiguous, we must then go outside the language of the statute to ascertain and effectuate the legislative intent. *St. Benedict's Hosp. v. County of Twin Falls,* 107 Idaho 143, 686 P.2d 88 (Ct.App.1984). *See also Knudson v. Boundary County School Dist.,* 104 Idaho 93, 656 P.2d 753 (Ct.App.1982).

■ Our analysis of the legislative intent begins with the following language as added by House Bill 274: "If an obligation secured by a trust deed is breached, the beneficiary *may not institute a judicial action* against the grantor or his successor in interest to enforce an obligation owed by the grantor or his successor in interest...." (Emphasis added.) In our view,

the language is clear. Where the obligation secured by a deed of trust is breached, the beneficiary "may not institute a judicial action" unless specific conditions are met. This language hardly lends itself to the argument that the Legislature meant for the amended statute to have a retroactive effect upon *existing* actions. The amendment makes no mention of prior or pending actions. Of course, the action by Frazier against Neilsen had already been "instituted" when the amended statute was enacted. By its own terms, the amended statute does not apply to the present action. For these reasons, we hold that the district court's grant of summary judgment to Frazier and dismissal of Count II of the complaint were proper.

■ Furthermore, "[t]he doctrine of the law of the case provides that where an appellate court states a principle of law in deciding a case, that rule becomes the law of the case and is controlling both in the lower court and on subsequent appeals as long as the facts are substantially the same." *Office of State Eng'r v. Curtis Park Manor,* 101 Nev. 30, 692 P.2d 495, 497 (1985). The decision on an issue of law made at one stage of a proceeding becomes precedent to be followed in successive stages of that same litigation. "[L]ike stare decisis it protects against relitigation of settled issues and assures obedience of inferior courts to decisions of superior courts." *NAACP, Detroit Branch v. Police Officers Ass'n,* 676 F.Supp. 790, 791 (E.D.Mich.1988). Here, the Idaho Supreme Court ruled that Frazier could properly pursue a money judgment against the promissory note securing the deed of trust.

Our own decision is intended to apply to a narrow band of cases. Proceedings initiated before April 5, 1989, the effective date of the amended statute, will be subject to the law as announced in *Frazier v. Neilsen & Company, supra.* Proceedings initiated upon or after April 5, 1989 will be subject to I.C. § 45–1503, as amended.

Accordingly, we affirm the summary judgment of the district court. Costs to respondents, Frazier. We also award at-

torney fees on appeal pursuant to I.C. § 12–120(3) in an amount to be determined under I.A.R. 41.

WALTERS, C.J., and BURNETT, J.*, concur.

---

* Judge Burnett concurred prior to his resignation on July 16, 1990.